James WREN, Appellant,

v.

Ken GUSNOWSKI, Appellee.

No. 03–95–00679–CV.

Court of Appeals of Texas,
Austin.

April 3, 1996.

Rick B. Yeager, Austin, for Appellant.

Michael E. Grimes, Michael E. Grimes, P.C., Round Rock, for Appellee.

Before POWERS, JONES and B.A. SMITH, JJ.

JONES, Justice.

Appellant James Wren sued appellee Ken Gusnowski in the county court at law of Williamson County alleging both contract and fraud claims. The county court granted summary judgment for Gusnowski on the ground that Wren's causes of action were barred by res judicata as a result of the judgment rendered in an earlier suit brought by Wren in justice court. On appeal, Wren

---

raises two points of error contending that the trial court erred in applying the doctrine of res judicata to his fraud claim. We will affirm in part and reverse and remand in part.

## FACTUAL AND PROCEDURAL BACKGROUND

In the course of negotiating for the purchase of Gusnowski's nursery business, Wren gave Gusnowski $5,000 earnest money. When negotiations broke down, Wren declined to go through with the purchase and Gusnowski refused to return the $5,000. Wren filed suit *pro se* against Gusnowski in the justice court of Williamson County. Wren's suit sought only the return of his $5,000 earnest money deposit. As the sole basis of recovery, Wren alleged that he had not agreed to a proposed contract. Following a nonjury trial, the justice court rendered judgment in favor of Gusnowski, holding that Wren failed to meet his burden of proof. Wren did not timely perfect an appeal of this judgment.

■ After the justice court's judgment became final and nonappealable, Wren brought the present suit in the county court at law of Williamson County seeking to recover the same $5,000. Besides the claim that no contract existed between the parties, Wren also alleged that Gusnowski fraudulently induced him to pay the $5,000 by misrepresenting the value of the nursery's inventory and the quality of its greenhouse. In addition to the return of the $5,000, Wren sought attorney's fees and expenses.[1] The trial court granted Gusnowski's motion for summary judgment on the ground that both of Wren's claims were barred by the doctrine of res judicata.

1. Wren also alleged that at the trial in justice court Gusnowski had falsely represented that the contract had been signed and agreed to by both parties. This allegation, however, is part and parcel of the issue of whether or not an enforceable contract existed between the parties. We will presume that this issue was dealt with properly when the justice court heard the case and rendered its judgment in favor of Gusnowski.

2. Wren does not complain about the granting of summary judgment as to his contract action.

3. Section 31.004 of the Civil Practice and Remedies Code provides:

## DISCUSSION

■ In Wren's second point of error, he argues that the doctrine of res judicata does not bar his fraud-in-the-inducement claim in county court.[2] We agree.

■ Under common law, the doctrine of res judicata (or claim preclusion) "prevents the relitigation of a claim or cause of action that has been finally adjudicated, as well as related matters that, with the use of diligence, should have been litigated in the prior suit." *Barr v. Resolution Trust Corp.*, 837 S.W.2d 627, 628 (Tex.1992). The doctrine effectively requires that all theories of liability be brought in one suit. *Id.* at 629. The policies behind the doctrine reflect the need to bring all litigation to an end, prevent vexatious litigation, maintain stability of court decisions, promote judicial economy, and prevent double recovery. *Id.*

The present case, however, is not governed by common law principles, but by section 31.005 of the Texas Civil Practice and Remedies Code, which states:

> A judgment or a determination of fact or law in a proceeding in small claims court or justice of the peace court is not res judicata and does not constitute a basis for estoppel by judgment in a proceeding in a county court or statutory county court, except that the judgment rendered is binding on the parties thereto as to recovery or denial of recovery.

Tex.Civ.Prac. & Rem.Code Ann. § 31.005 (West 1986). We have found no Texas cases construing section 31.005. However, a virtually identical provision is contained in section 31.004,[3] which has been held to modify the common law to the extent that res judicata

> (a) A judgment or a determination of fact or law in a proceeding in a lower trial court is not res judicata and is not a basis for estoppel by judgment in a proceeding in a *district court*, except that a judgment rendered in a lower trial court is binding on the parties thereto as to recovery or denial of recovery.
>
> ....
>
> (c) For the purposes of this section, a "lower trial court" is a small claims court, a justice of the peace court, a county court, or a statutory county court.

Tex.Civ.Prac. & Rem.Code Ann. § 31.004(a), (c) (West 1986) (emphasis added).

bars only those claims that were actually litigated in the limited-jurisdiction court. *See Webb v. Persyn*, 866 S.W.2d 106, 107 (Tex.App.—San Antonio 1993, no writ); *McClendon v. State Farm Mut. Auto. Ins. Co.*, 796 S.W.2d 229, 232 (Tex.App.—El Paso 1990, writ denied). Those cases have held that, under the statute, res judicata does not bar unlitigated claims simply because they *could have been litigated* in the lower trial court. *Id.*

Because Wren's fraud-in-the-inducement claim was not actually litigated in the justice court, we hold that it is not barred by the doctrine of res judicata in Wren's action in county court.[4]

## CONCLUSION

Having sustained Wren's second point of error, we need not consider his other point, which also complains of the trial court's application of res judicata to Wren's fraud-in-the-inducement claim. We sever Wren's fraud-in-the-inducement claim from the rest of the cause and, as to that claim only, reverse the summary judgment and remand that portion of the cause for further proceedings in the county court at law. We affirm the remainder of the trial court's judgment.

---

4. We note that rule 574a of the Texas Rules of Civil Procedure, which relates to appeals from justice courts, provides: "Either party may plead any new matter in the county or district court which was not presented in the court below, but *no new ground of recovery shall be set up by the plaintiff ... which was not pleaded in the court below.*" Tex.R.Civ.P. 574a (emphasis added). Because rule 574a relates only to *appeals* from justice courts, and because the present case is not an appeal but a new and technically unrelated suit, rule 574a is not applicable here. Accordingly, we need not address the interplay between rule 574a and section 31.005.