**HOUTEX READY MIX CONCRETE & MATERIALS, Appellant**

v.

**EAGLE CONSTRUCTION & ENVIRONMENTAL SERVICES, L.P., Appellee.**

No. 01–05–00963–CV.

Court of Appeals of Texas, Houston (1st Dist.).

Dec. 7, 2006.

516

William M. Walls, Houston, for Appellant.

Marc Wayne Walraven, Eastland, for Appellee.

Panel consists of Chief Justice RADACK and Justices ALCALA and BLAND.

## OPINION

JANE BLAND, Justice.

Houtex Ready Mix Concrete & Materials ("Houtex") appeals a summary judgment and two separate sanction awards of attorney's fees in favor of Eagle Construction & Environmental Services, L.P. ("Eagle"). Houtex contends (1) the trial court erred in granting summary judgment, (2) the trial court abused its discretion in awarding Eagle $1,500 in attorney's fees in the final judgment as a sanction for filing a

groundless lawsuit, and (3) the trial court abused its discretion in awarding Eagle an additional $2,500 in interim attorney's fees as a sanction after vacating an earlier summary judgment. We conclude that (1) the trial court properly granted Eagle's motion for summary judgment on Houtex's breach of contract and declaratory relief claims but erred in granting it on Houtex's Deceptive Trade Practices Act ("DTPA") claim, and (2) the $2,500 sanction was within the trial court's discretion but the $1,500 sanction was not. We therefore affirm in part and reverse in part.

## Background

In March 2004, Houtex contracted with Eagle for Eagle to clean up the scene where a Houtex truck had overturned on a freeway in Harris County. A dispute arose about performance and payment. In July 2004, Eagle sued Houtex in an Eastland County Justice of the Peace Court, asserting breach of contract, fraudulent inducement, fraud, misrepresentation, sworn account, unjust enrichment, and quantum meruit. Two months later, Houtex sued Eagle in Harris County Civil Court at Law No. 4 in this case, seeking declaratory relief regarding the same contract.

Houtex failed to answer or appear in the Eastland County lawsuit. Eagle obtained a default judgment against Houtex in the justice court. Eagle then moved for summary judgment in this action, asserting that Houtex's claims are barred by res judicata and collateral estoppel, based on the Eastland County Justice Court judgment. The trial court granted summary judgment after Houtex failed to appear at the hearing on the motion. The trial court later vacated this order, but awarded Eagle $2,500 in attorney's fees as a sanction for costs Eagle incurred in attending the hearing.

Eagle amended its motion for summary judgment and filed an additional motion for sanctions, again asserting res judicata and collateral estoppel, and asserting that this lawsuit is frivolous. The day before the hearing on the motion, Houtex amended its original petition, asserting claims for breach of contract and DTPA violations.

The trial court granted summary judgment to Eagle and awarded it another $1,500 in attorney's fees, as well as appellate attorney's fees.

## Summary Judgment

*Standard of Review*

■ Our review of a summary judgment is de novo. *Provident Life & Accident Ins. Co. v. Knott*, 128 S.W.3d 211, 215 (Tex.2003). Under the traditional standard for summary judgment, a movant has the burden to show that no genuine issue of material fact exists and that the trial court should grant judgment as a matter of law. TEX.R. CIV. P. 166a(c); *KPMG Peat Marwick v. Harrison County Hous. Fin. Corp.*, 988 S.W.2d 746, 748 (Tex.1999). We view all evidence in a light favorable to the nonmovant and indulge every reasonable inference in the nonmovant's favor. *Provident Life*, 128 S.W.3d at 215. A defendant moving for summary judgment on an affirmative defense must prove each element of its defense as a matter of law, leaving no issues of material fact. *Garza v. Excel Logistics, Inc.*, 161 S.W.3d 473, 475 n. 10 (Tex.2005). Res judicata and collateral estoppel are affirmative defenses. TEX.R. CIV. P. 94.

■ Res judicata prevents parties and those in privity with them from relitigating a case that a competent tribunal has adjudicated to finality. *Ingersoll–Rand Co. v. Valero Energy Corp.*, 997 S.W.2d 203, 206 (Tex.1999). Res judicata bars claims or defenses that, through dili-

gence, should have been litigated in the earlier suit but were not. *Id.* at 206–07. "The doctrine is intended to prevent causes of action from being split, thus curbing vexatious litigation and promoting judicial economy." *Id.* at 207. Res judicata requires: (1) a prior final judgment on the merits by a court of competent jurisdiction, (2) identity of parties or those in privity with them, and (3) a second action based on the same claims that were raised or could have been raised in the first action. *Amstadt v. U.S. Brass Corp.*, 919 S.W.2d 644, 652 (Tex.1996); *see also Jones v. First Bank of Anson*, 846 S.W.2d 107, 110 (Tex.App.–Eastland 1992, no writ) (holding that default judgment can be used to assert res judicata); *Mendez v. Haynes Brinkley & Co.*, 705 S.W.2d 242, 245–46 (Tex.App.San Antonio 1986, writ ref'd n.r.e.) (applying collateral estoppel after default judgment).

■ A party asserting collateral estoppel must establish that (1) the facts sought to be litigated in the second action were fully and fairly litigated in the first action, (2) those facts were essential to the judgment in the first action, and (3) the parties were cast as adversaries in the first action. *John G. & Marie Stella Kenedy Mem'l*

*Found. v. Dewhurst*, 90 S.W.3d 268, 288 (Tex.2002).

■ Judgments from justice courts, however, are not accorded the same common law finality as judgments from other courts. Rather, section 31.005 of the Texas Civil Practice and Remedies Code abrogates the general common law rules of res judicata and collateral estoppel for justice courts and small claims courts. *See Harrill v. A.J.'s Wrecker Serv., Inc.*, 27 S.W.3d 191, 195 (Tex.App.Dallas 2000, pet. dism'd w.o.j.); *Brown v. Henderson*, 941 S.W.2d 190, 192 (Tex.App.Corpus Christi 1996, no writ). The statute provides:

> A judgment or a determination of fact or law in a proceeding in small claims court or justice of the peace court is not res judicata and does not constitute a basis for estoppel by judgment in a proceeding in a county court or statutory county court, except that the judgment rendered is binding on the parties thereto as to recovery or denial of recovery.

TEX. CIV. PRAC. & REM.CODE ANN. § 31.005 (Vernon 1997). Texas courts have interpreted this statute to mean that the doctrines of res judicata and collateral estoppel only bar claims "actually litigated" in courts of limited jurisdiction.[1] *Brown*, 941

---

1. Texas Civil Practice and Remedies Code section 31.004 is similar to section 31.005, and Texas courts have interpreted it in the same manner. TEX. CIV. PRAC. & REM.CODE ANN. § 31.004 (Vernon 1997); *Lopez v. Sulak*, 76 S.W.3d 597, 606 (Tex.App.-Corpus Christi 2002, no pet.) (holding that under section 31.004, judgment in justice court granting landlord possession in forcible detainer action is not res judicata of tenant's trespass to try title suit in district court); *Webb v. Persyn*, 866 S.W.2d 106, 107 (Tex.App.San Antonio 1993, no writ) (holding that section 31.004 allows parties to bring any claim in district court that was not actually litigated in county court action arising from same set of facts); *McClendon v. State Farm Mut. Auto. Ins. Co.*, 796 S.W.2d 229, 232 (Tex.App.-El Paso 1990, writ denied) (holding that under section

31.004, judgment in subrogation suit for property damage in county court at law was not res judicata to personal injury suit later filed in district court). Section 31.004 provides:

> (a) A judgment or a determination of fact or law in a proceeding in a lower trial court is not res judicata and is not a basis for estoppel by judgment in a proceeding in a district court, except that a judgment rendered in a lower trial court is binding on the parties thereto as to recovery or denial of recovery.
>
> (b) This section does not apply to a judgment in probate, guardianship, mental health, or other matter in which a lower trial court has exclusive subject matter ju-

S.W.2d at 192; *Wren v. Gusnowski,* 919 S.W.2d 847, 849 (Tex.App.Austin 1996, no writ); *see also Webb v. Persyn,* 866 S.W.2d 106, 107 (Tex.App.San Antonio 1993, no writ). The purpose of section 31.005 "is to narrow the preclusive effect of judgments from courts of limited jurisdiction." *Brown,* 941 S.W.2d at 192. The statute "creates an exception to the general rule against splitting causes of action, allowing unlitigated claims from courts of limited jurisdiction to be tried in county courts." *Id.* Thus, if the pleadings here include claims not adjudicated in the justice court, then res judicata and collateral estoppel do not bar those pleaded claims, and Eagle's affirmative defenses do not support summary judgment on them. *See Id.*

*Analysis*

 Houtex contends that its petition contains breach of contract and DTPA claims that were not litigated in the Eastland County Justice Court. Eagle responds that Houtex's amended petition—asserting new breach of contract and DTPA claims—was not timely filed and therefore the trial court properly disregarded it.

 The Texas Rules of Civil Procedure prohibit the filing of any pleadings, responses, or pleas within seven days of trial, unless a party first obtains leave of the court. Tex.R. Civ. P. 63. The trial court must grant leave to file unless the opposing party shows surprise. *Id.* A summary judgment hearing is a trial for the purposes of Rule 63. *Goswami v. Metro. & Sav. Loan Ass'n,* 751 S.W.2d 487, 490 (Tex.1988). "Texas courts have held that in the absence of a sufficient showing of surprise by the opposing party, the

failure to obtain leave of court when filing a late pleading may be cured by the trial court's action in considering the amended pleading." *Id.*

Houtex never requested leave to file its amended pleading and the record does not indicate that the trial court granted leave. Neither did the trial court refuse leave, nor did Eagle move to strike Houtex's amended petition. Because the record contains no basis upon which to conclude that the trial court refused to consider Houtex's amended pleadings, and inasmuch as Eagle did not show surprise or prejudice, we presume the trial court granted leave. *See id.* (holding that appellate court should presume trial court granted leave to file amended petition when record contains no basis to conclude that trial court did not consider amended petition). We therefore conclude that Houtex's breach of contract and DTPA claims were properly before the trial court when it granted Eagle's amended motion for summary judgment.

 The parties in the Eastland County suit are the same as the parties in this suit, and Eagle raised the breach of contract claim in the Eastland County suit. Thus, the doctrine of res judicata and section 31.005 of the Texas Civil Practice and Remedies Code bar Houtex's breach of contract claim, and its contract-dependent request for declaratory relief. *See* Tex. Civ. Prac. & Rem.Code Ann. § 31.005; *Amstadt,* 919 S.W.2d at 652.

 The trial court, however, erred in granting Eagle's motion for summary judgment on Houtex's DTPA claim. Res judicata would usually bar Houtex's DTPA claim because (1) there was a prior final

risdiction on a basis other than the amount in controversy.

(c) For the purposes of this section, a "lower trial court" is a small claims court, a justice of the peace court, a county court, or a statutory county court.

Tex. Civ. Prac. & Rem.Code Ann. § 31.004.

judgment on the merits in the first action, (2) the parties to both actions are the same, and (3) the second action is based on claims that could have been raised in the first action. *See Amstadt,* 919 S.W.2d at 652. In this case, however, section 31.005 limits the applicability of res judicata. TEX. CIV. PRAC. & REM.CODE ANN. § 31.005. Neither Eagle nor Houtex asserted DTPA claims in the Eastland County action. Because the parties did not "actually litigate[ ]" any DTPA claims in the Eastland County Justice Court, Houtex was free to assert a DTPA claim in this case.[2] *See Brown,* 941 S.W.2d at 192; *Wren,* 919 S.W.2d at 849. The doctrine of collateral estoppel does not prevent Houtex from asserting its DTPA claim in Harris County for the same reason. *See Brown,* 941 S.W.2d at 192; *Wren,* 919 S.W.2d at 849. The trial court therefore erred in granting Eagle's motion for summary judgment on Houtex's DTPA claim.

## Sanction Award of $1,500 in Attorney's Fees in the Final Judgment

In its second issue, Houtex contends the trial court abused its discretion in awarding Eagle $1,500 in attorney's fees in the final judgment. Eagle responds that the trial court did not abuse its discretion in awarding the sanction because Houtex filed the Harris County action knowing that it was frivolous, in violation of Texas Rule of Civil Procedure 13. TEX.R. CIV. P. 13.

Filing a frivolous lawsuit is litigation misconduct subject to sanction under Rule 13. *Id.; Am. Transitional Care Ctrs. of Tex., Inc. v. Palacios,* 46 S.W.3d 873, 878 (Tex.2001). If a sanction order refers to a specific rule, either by citing the rule, tracking its language, or both, we determine whether the sanction is appropriate under that particular rule. *Finlay v. Olive,* 77 S.W.3d 520, 524 (Tex.App.Houston [1st Dist.] 2002, no pet.). In this case, the trial court's sanction order does not specify the rule used to sanction Houtex, nor does it track the language of any rule. Eagle, however, only urged Rule 13 as a basis for the sanction award, so we presume the trial court sanctioned Houtex under Rule 13.

We review a trial court's Rule 13 sanction award for abuse of discretion. *Downer v. Aquamarine Operators, Inc.,* 701 S.W.2d 238, 241–42 (Tex.1985); *Barkhausen v. Craycom, Inc.,* 178 S.W.3d 413, 420–21 (Tex.App.Houston [1st Dist.] 2005, pet. denied); *Gaspard v. Beadle,* 36

2. Litigants may appeal justice court judgments to county or district court, where the court hears the matter de novo. TEX.R. CIV. P. 574b. Texas Rule of Civil Procedure 574a, which addresses appeals of justice court judgments, provides:

Either party may plead any new matter in the county or district court which was not presented in the court below, but no new ground of recovery shall be set up by the plaintiff, nor shall any set-off or counterclaim be set up by the defendant which was not pleaded in the court below. The pleading thereof shall be in writing and filed in the cause before the parties have announced ready for trial.

TEX.R. CIV. P. 574a. Texas courts have noted that Rule 574a has little practical effect in light of Civil Practice and Remedies Code sections 31.004 and 31.005. *See Harrill v. A.J.'s Wrecker Serv., Inc.,* 27 S.W.3d 191, 195 (Tex.App.-Dallas 2000, pet. dism'd w.o.j.). While Rule 574a prevents a party from bringing a "new ground of recovery" in the de novo appeal of the justice court judgment, sections 31.004 and 31.005 allow a party to circumvent Rule 574a by bringing the new claim in a separate action in county court or district court. *See id.; Wren v. Gusnowski,* 919 S.W.2d 847, 849 (Tex.App.Austin 1996, no writ) (holding that res judicata effect of judgment rendered in justice court extends only to claims actually litigated in justice court and does not bar unlitigated claims simply because they could have been litigated in lower court).

S.W.3d 229, 239 (Tex.App.Houston [1st Dist.] 2001, pet. denied). Our test for abuse of discretion is whether the trial court acted without reference to any guiding rules and principles. *Alpert v. Crain, Caton & James, P.C.,* 178 S.W.3d 398, 410 (Tex.App.Houston [1st Dist.] 2005, pet. denied). We examine the entire record and will overturn a trial court's discretionary ruling only if the ruling is based on an erroneous view of the law or a clearly erroneous assessment of the evidence. *See Mercedes–Benz Credit Corp. v. Rhyne,* 925 S.W.2d 664, 666 (Tex.1996); *Downer,* 701 S.W.2d at 241–42.

Texas Rule of Civil Procedure 13 provides for sanctions if a party files a pleading that is "groundless and brought in bad faith or groundless and brought for the purpose of harassment." Tex.R. Civ. P. 13. "Groundless" means no basis in law or fact and not warranted by a good faith argument for the extension, modification, or reversal of existing law. *Id.* Rule 13 requires the trial court to hold an evidentiary hearing to make the necessary factual determinations about the motives and credibility of the person signing the allegedly groundless petition. *Bisby v. Dow Chem. Co.,* 931 S.W.2d 18, 21 (Tex.App.Houston [1st Dist.] 1996, no writ). In evaluating an allegation of a Rule 13 violation, "[c]ourts shall presume that pleadings, motions, and other papers are filed in good faith." Tex.R. Civ. P. 13. The party seeking sanctions bears the burden of overcoming the presumption of good faith in the filing of pleadings. *GTE Comm'ns Sys. Corp. v. Tanner,* 856 S.W.2d 725, 731 (Tex.1993) (orig. proceeding). A court may not impose sanctions under Rule 13 "except for good cause, the particulars of which must be stated in the sanction[ ] order." *Id.* at 730. "A trial court's failure to specify the good cause for sanctions in a sanction order may be an abuse of discretion." *Gaspard,* 36 S.W.3d at 239.

The purposes of the Rule 13 particularity requirement are to (1) ensure that the trial court is held accountable and adheres to the standard of the rule; (2) require the trial court to reflect carefully on its order before imposing sanctions; (3) inform the offending party of the particular conduct warranting sanction, for the purpose of deterring similar conduct in the future; and (4) enable the appellate court to review the order in light of the particular findings made by the trial court. *Alpert,* 178 S.W.3d at 411. "In reviewing sanction[ ] orders, the appellate courts are not bound by a trial court's findings of fact and conclusions of law; rather, appellate courts must independently review the entire record to determine whether the trial court abused its discretion." *Am. Flood Research, Inc. v. Jones,* 192 S.W.3d 581, 583 (Tex.2006); *see also Barkhausen,* 178 S.W.3d at 421.

In this case, the trial court included the sanction order in the final judgment, but failed to specify any particular grounds for ordering the sanction, as Rule 13 requires. Tex.R. Civ. P. 13; *Alpert,* 178 S.W.3d at 411. The trial court did not file any findings of fact and conclusions of law, and did not conduct an evidentiary hearing on the motion for sanctions. In addition, Houtex asserted three causes of action in this lawsuit: (1) a request for declaratory relief, (2) a breach of contract claim, and (3) a DTPA claim. We have determined that the trial court's summary judgment on Houtex's DTPA claim was improper. We therefore conclude that the record does not support a finding that Houtex's petition is "groundless" as defined by Rule 13. Tex.R. Civ. P. 13. We hold that the trial court abused its discretion in ordering sanctions against Houtex under Rule 13.

### Interim Sanction Award of $2,500 in Attorney's Fees

In its third issue, Houtex contends the trial court abused its discretion in awarding Eagle $2,500 in interim attorney's fees as a sanction after it vacated an earlier summary judgment in this case. Eagle responds that the $2,500 sanction is proper because Houtex's counsel failed to notify the court or opposing counsel that he would not attend the hearing on Eagle's first motion for summary judgment, causing Eagle's counsel to travel 720 miles round trip to attend the hearing.

Eagle served Houtex with its first motion for summary judgment and for sanctions on November 12, 2004. The court set a hearing on the motion for December 7, 2004, at 9:30 a.m. On December 6, Eagle filed its amended motion for summary judgment and for sanctions. Counsel for Houtex allegedly appeared in court at 8:15 a.m. on the morning of December 7 to inform the judge that he would not be able to attend the hearing because he had a trial in Montgomery County at the same time. Houtex's counsel asserts that the court clerk told him that the case was not set for hearing on December 7.[3] Counsel for Houtex admits that he did not attempt to notify Eagle's counsel that he was not going to attend the hearing. Eagle's counsel therefore made the trip from Eastland County to Harris County, only to find that Houtex was not present.

Counsel for Houtex asserts that he was under no obligation to notify Eagle that he would not attend the summary judgment hearing because Rule 10 of the Regional Rules of Administration for the Second Administrative Judicial Region of Texas requires Harris County courts to defer to cases in trial. Rule 10 states:

a. Attorney already in trial in another Court.

(1) When informed that an attorney is presently in trial, the Court will determine where and when assigned. This information will be verified upon request of opposing counsel. The case will be placed on hold or reset, depending upon when the attorney will be released.

(2) If the attorney is not actually in trial as represented by the attorney or agent, the case will be tried without further notice.

b. Attorney assigned to two Courts for the same date:

(1) It is the duty of the attorney to call the affected Judge's attention to all dual settings as soon as they are known.

REG. R. ADMIN., 2D ADMIN. JUD. REG. 10, *available at* http://www.co.montgomery.tx. us/dcourts/2ndadmin/RegionalRulesofAdministration.pdf. This rule places the burden on the attorney to contact the court if he has a conflicting trial setting. In this case, Houtex's counsel contends that he attempted to comply with Rule 10 by contacting the court clerk on the morning of the hearing and informing her that he would not attend the hearing on the motion for summary judgment because he was in trial in Montgomery County.

The trial court granted Eagle's motion for summary judgment at the December 7 hearing. The court subsequently vacated this order at Houtex's request, but entered a sanction awarding Eagle $2,500 in attorney's fees. The trial court's sanction order does not refer to the specific source of power used to issue the sanction, nor did

---

**3.** The record contains no evidence of this conversation and the trial court refused to hear testimony from the clerk on this issue.

the trial court make factual findings to support the order. Because the conduct at issue does not involve discovery proceedings or the content of a pleading, the trial court's inherent power appears to be the source of power for its sanction. *See Kings Park Apartments, Ltd. v. Nat'l Union Fire Ins. Co.*, 101 S.W.3d 525, 541 (Tex.App.-Houston [1st Dist.] 2003, pet. denied).

"Texas courts have the inherent power to sanction for an abuse of the judicial process that may not be covered by any specific rule or statute." *Island Entm't, Inc. v. Castaneda*, 882 S.W.2d 2, 5 (Tex.App.-Houston [1st Dist.] 1994, writ denied). Inherent power to sanction exists to the extent necessary to deter, alleviate, and counteract bad faith abuse of the judicial process. *Id.* In applying its inherent power to impose sanctions, a trial court must make findings to support its conclusion that the conduct complained of significantly interfered with the court's legitimate exercise of its core functions. *Id.* In reviewing sanction orders, however, appellate courts should independently review the entire record to determine whether the trial court abused its discretion. *Am. Flood Research*, 192 S.W.3d at 583.

Here, in Eagle's response to Houtex's motion to vacate, Eagle requests "any further relief to which it is justly entitled," should the trial court vacate the judgment. Eagle supported its response with an affidavit stating the facts surrounding the December 7 hearing, and the amount of costs incurred and time spent attending the hearing.

The affidavit of Eagle's counsel contains sufficient evidence upon which the trial court could have concluded that Houtex's counsel acted in bad faith in failing to notify opposing counsel that he would be absent from the December 7 hearing. The affidavit states that Houtex's counsel received notice of the December 7 hearing, which was confirmed by the trial court orally during another hearing on November 23. Eagle's counsel also reviewed the court's file on the morning of December 7, and confirmed that the hearing was set on the court's docket. Houtex's counsel had known about the Montgomery County trial setting since October 5, yet he never raised the potential conflict. Houtex's counsel also knew Eagle's counsel would be driving from Eastland to attend the Harris County hearing, but he made no effort to inform him that he might not be available to attend, nor did he attempt to inform him when he learned definitively that he would not be there.

Eagle's counsel presented evidence that his total expenses incurred in attending the December 7 hearing were $3,901. Specifically, the affidavit stated:

I have spent 18 hours in traveling and attending the properly Noticed hearing on Defendant's Motion for Summary Judgment and preparing a response to Plaintiff's Motion to Vacate. The reasonable attorneys' fees for such activities is $3,600.00 (18 hours @ $200.00/hour) plus $301.00 in travel expenses and meals in attending the hearing. Further, I was required to retain outside counsel on behalf of Defendant to appear and orally respond to Plaintiff's Motion to Vacate. This has caused additional unnecessary expense.

By entering the sanction for Eagle in the amount of $2,500, the trial court implicitly found that Houtex's counsel should have attempted to inform opposing counsel of his conflicting trial setting. The facts in this case show that Houtex's counsel was aware of the conflicting trial setting many days before the hearing, and that Eagle's counsel had to travel a significant distance to attend the hearing. We therefore hold

that the record contains sufficient evidence to support the sanction award. *See Am. Flood Research*, 192 S.W.3d at 583; *see also McWhorter v. Sheller*, 993 S.W.2d 781, 789 (Tex.App.-Houston [14th Dist.] 1999, pet. denied) (reversing sanction award because record contained no evidence that attorney acted in bad faith, or that her conduct interfered with one of court's core functions); *Onwuteaka v. Gill*, 908 S.W.2d 276, 281 (Tex.App.-Houston [1st Dist.] 1995, no writ) (reversing trial court's sanction order because record contained no evidence attorney acted in bad faith when he was late to trial); *Island Entm't*, 882 S.W.2d at 5–6 (reversing sanction award because record contained no evidence that counsel acted in bad faith or interfered with trial court's core functions); *Lawrence v. Kohl*, 853 S.W.2d 697, 700 (Tex.App.-Houston [1st Dist.] 1993, no writ) (holding trial court did not abuse its discretion in sanctioning attorney for refusal to help rectify erroneous order). While the trial court erred in failing to make findings to support its sanction award, the error here does not require reversal because the record contains sufficient evidence to support the trial court's sanction award, Houtex had notice of the nature of the conduct about which Eagle complained, and the sanction order corresponds to the amount sought for the offending conduct.

We also note that in Eagle's response to Houtex's motion to vacate the summary judgment, Eagle requested that the trial court not grant Houtex's motion to vacate the summary judgment. The $2,500 sanction is therefore a lesser penalty than Eagle requested, and a concession to Eagle for the trial court's grant of Houtex's motion. *See Onwuteaka*, 908 S.W.2d at 281 ("Before a trial court may impose the 'death penalty' sanction, the record must reflect that the court considered the availability of a lesser sanction and whether such a sanction would fully promote com-

pliance with the purpose for imposing the sanction."). The trial court did not abuse its discretion in awarding Eagle the $2,500 sanction.

### Conclusion

We hold that the trial court (1) properly granted summary judgment on Houtex's breach of contract and declaratory relief claims, (2) erred in granting summary judgment on Houtex's DTPA claim, (3) abused its discretion in ordering sanctions against Houtex under Rule 13 for filing a groundless lawsuit, and (4) did not abuse its discretion in ordering the sanction against Houtex for its counsel's failure to notify opposing counsel that he would not be attending the summary judgment hearing. We therefore affirm the trial court's judgment with regard to Houtex's breach of contract and declaratory relief claims. We also affirm the trial court's interim sanction order of $2,500. We reverse the trial court's judgment with regard to Houtex's DTPA claim and the Rule 13 sanction order, and remand for further proceedings.