Opinion issued February 12, 2009









 






In The

Court of Appeals

For The

First District of Texas






NO. 01-08-00212-CV

____________


GIOVANNI A. BENAVIDES, Appellant


V.


KNAPP CHEVROLET, INC., Appellee






On Appeal from the County Court at Law No. 4

Harris County, Texas

Trial Court Cause No. 828,065






MEMORANDUM OPINION

 Appellant, Giovanni A. Benavides, challenges the trial court's order imposing
$12,000.00 in sanctions against Benavides based on its determination that the claims
alleged in his third-party petition against appellee, Knapp Chevrolet, Inc. ("Knapp"),
are groundless and were brought in bad faith. Benavides presents four issues for our
review. In his first and second issues, Benavides contends that the evidence is legally
and factually insufficient to support the trial court's findings that his third-party
petition is groundless and was brought in bad faith (1) and that his conduct significantly
interfered with the trial court's traditional core functions, justifying the imposition of
sanctions under its inherent authority. (2) In his third and fourth issues, Benavides
contends that the sanctions are unjust and unconstitutionally excessive. (3)

 We reverse and render.

Background

 In December 2004, Eric Preston filed his original petition alleging that
Benavides negligently caused the car that he was driving to collide into Preston's car
in Houston, Texas. Benavides filed his original answer and request for disclosure,
in which he denied the allegations in Preston's petition. In December 2006,
Benavides filed a third-party petition alleging that the collision with Preston occurred
while Benavides "was test-driving a vehicle owned by Knapp" and seeking damages,
attorney's fees, and court costs from Knapp based on allegations of breach of contract
and violations of the Texas Deceptive Trade Practices Act ("DTPA"). (4) Benavides
asserted that Knapp's "failure to defend and indemnify" Benavides against Preston
constituted a breach of an insurance policy between Knapp and its insurer. Knapp did
not timely file an answer and did not appear at the subsequent jury trial in which the
jury apportioned sixty-five percent of the negligence that caused the collision to
Benavides, thirty-five percent to Preston, and awarded $6,045.00 to Preston. 

 Benavides, as third-party plaintiff, then filed a motion for final default
judgment against Knapp in August 2007, in which Benavides requested
indemnification for the amount of the "judgment rendered in the underlying lawsuit"
as well as "reasonable and necessary attorneys' fees and expenses . . . incurred in
filing and pursuing [Benavides's] Third Party Petition and Motion for Default
Judgment . . . [and in] defending [Benavides] in the underlying lawsuit." The trial
court granted Benavides's motion for final default judgment and ordered Knapp to
indemnify Benavides for the amount of the judgment in the underlying lawsuit and
to pay Benavides $2,500.00 for attorneys' fees.

 On October 26, 2007, Knapp filed a motion for new trial and plea to the
jurisdiction, arguing, among other things, that the trial court did not have personal
jurisdiction over Knapp because "Benavides never effectuated proper service upon
Knapp." The trial court granted Knapp's motion, finding that service upon Knapp
was not proper. Knapp then filed its original verified answer, which included both
a general denial, a verified denial, and numerous affirmative defenses, and it filed a
motion requesting summary judgment and sanctions. 

 On January 8, 2008, the trial court held a hearing to determine whether to grant
summary judgment and impose sanctions. Benavides argued that sanctions were not
appropriate because "all of our allegations were based on the insurance policy we
were not able to read [because Knapp] didn't provide us a full copy of the insurance
policy until last Thursday." Benavides never explained a basis upon which Knapp
could have breached a contract by not defending and indemnifying Benavides in the
underlying lawsuit. Regarding Benavides's second claim, the trial court asked
Benavides, "Exactly what subcategory of the Deceptive Trade Practices Act, taken
in the best light to you, could [Knapp's alleged conduct] possibly be violative of?" 
Benavides responded, "Just unconscionable act of not having insurance to cover
anybody who was involved in an automobile accident that they're test driving the
vehicles." See Tex. Bus. & Com. Code Ann. § 17.46 (Vernon Supp. 2008). The
trial court stated that it did not find either of Benavides's arguments persuasive and
allowed counsel for Knapp to testify on the amount of attorneys' fees expended by
Knapp. Counsel for Knapp testified that Knapp had paid $16,635.01 in attorneys'
fees at the time of the hearing. After Benavides cross-examined Knapp's counsel, the
trial court asked the parties to submit briefing regarding the amount of attorneys' fees
that Knapp was entitled to receive. There was no evidence at the hearing regarding
Benavides's purpose for filing the third-party petition.

 After granting summary judgment in favor of Knapp, the trial court signed an
order granting Knapp's motion for sanctions stating,

 The Court specifically finds, holds, and decrees that the claims of
Giovanni A. Benavides against Knapp Chevrolet. Inc. are not warranted
by existing law or by a nonfrivolous argument for the extension,
modification, or reversal of existing law or the establishment of new
law. Further, the Third-Party Petition of Giovanni A. Benavides filed
against Knapp Chevrolet, Inc. is groundless and brought in bad faith. 
In particular, the claims of breach of contract are clearly barred in that
Benavides is not a party to a contract with Knapp Chevrolet, Inc. and is
not an intended beneficiary of any contract between Knapp Chevrolet,
Inc. and its insurer. Counsel for Benavides admits this in its pleading
dated January 23, 2008. Further, there exists no tenable factual basis for
the extension of claims alleging violations of the Texas Deceptive Trade
Practices Act to this matter. A reasonable inquiry into the applicable
law should have revealed that the claims against Knapp Chevrolet, Inc.
were frivolous.

The trial court then stated that, "pursuant to Texas Civil Practice and Remedies Code
Chapter 10, Texas Rule of Civil Procedure Rule 13, and the [trial court's] inherent
power," it found good cause for awarding sanctions against Benavides, counsel for
Benavides, and Benavides's insurance carrier. The trial court ruled that all three
parties were jointly and severably liable for $12,000.00, "the amount of attorney's
fees, costs and reasonable expenses incurred by Knapp Chevrolet, Inc. as a result of
this action." 

Standard of Review

 We review a trial court's imposition of sanctions for an abuse of discretion. 
Low v. Henry, 221 S.W.3d 609, 614 (Tex. 2007). A trial court abuses its discretion
in imposing sanctions when it acts "without reference to any guiding rules and
principles, such that its ruling was arbitrary or unreasonable." Id. We presume that
pleadings are filed in good faith, and the party seeking sanctions bears the burden of
overcoming this presumption. Id. In reviewing the sanctions order, we review the
entire record to determine whether the trial court abused its discretion. Am. Flood
Research, Inc. v. Jones, 192 S.W.3d 581, 583 (Tex. 2006) (per curiam). 

Notice of Appeal

 As a preliminary matter, Knapp argues that Benavides's attorney and insurance
company "are not entitled to relief from the trial court's" order because only
Benavides is named in the notice of appeal, the docketing statement, and the
identification of parties section of appellant's briefing. 

 Although the trial court imposed sanctions jointly and severally against
Benavides, his trial counsel, and his insurance carrier, only Benavides filed a notice
of appeal of the sanctions order. "A party who seeks to alter the trial court's
judgment or other appealable order must file a notice of appeal." Tex. R. App. P.
25.1(c). If parties have aligned interests, they "may file a joint notice of appeal." Id. 
Here, the notice of appeal states "Third-Party Plaintiff, Giovanni A. Benavides,
desires to appeal from the Order Granting Third-Party Defendant's Motion for
Sanctions signed and entered by this Court on February 5, 2008." Neither
Benavides's attorney nor his insurance carrier have filed a joint notice of appeal with
Benavides in this case. Therefore, we determine only whether "to alter the trial
court's . . . order" as it applies to Benavides. See id.; Alaska Flight Servs. v. Dallas
Cent. Appraisal Dist., 261 S.W.3d 884, 886 (Tex. App.--Dallas 2008, no pet.); City
of Houston v. Boyle, 148 S.W.3d 171, 175 n.5 (Tex. App.--Houston [1st Dist.] 2004,
no pet.).

 We sustain Knapp's cross-point.

Chapter 10 & Rule 13 Sanctions

 In his first issue, Benavides argues that the trial court abused its discretion in
imposing sanctions against him because the evidence is legally and factually
insufficient to support the trial court's finding that, pursuant to Texas Rule of Civil
Procedure 13, his claims against Knapp are "groundless and brought in bad faith" and
that, pursuant to Texas Civil Practice and Remedies Code section 10.001(2), his
claims against Knapp are not "warranted by existing law or the establishment of new
law." 

 The signatures of attorneys or parties "constitute a certificate by them" that
they have read their pleadings, motions, or other papers, and, to the best of their
knowledge, information, and belief formed after reasonable inquiry, "the instrument
is not groundless and brought in bad faith or groundless and brought for the purpose
of harassment." Tex. R. Civ. P. 13. If a trial court imposes sanctions under rule 13,
it is authorized to "impose an appropriate sanction" under rule 215, "upon the person
who signed [the pleading, motion, or other paper], a represented party, or both." Id. 
Rule 215 allows a trial court to charge a sanctioned party with court costs, litigation
expenses, and "reasonable expenses, including attorney fees." Tex. R. Civ. P.
215.2(b). A pleading is "groundless" when it has "no basis in law or fact and [is] not
warranted by good faith argument for the extension, modification, or reversal of
existing law." Tex. R. Civ. P. 13. A trial court may only impose sanctions under rule
13 for good cause, "the particulars of which must be stated in the sanction order." Id.

 Chapter 10 of the Texas Civil Practice and Remedies Code provides an
alternative basis upon which a court may impose sanctions. It provides:

 The signing of a pleading or motion as required by the Texas Rules of
Civil Procedure constitutes a certificate by the signatory that to the
signatory's best knowledge, information, and belief, formed after
reasonable inquiry:

 

 (1) the pleading or motion is not being presented for any
improper purpose, including to harass or to cause
unnecessary delay or needlessly increase in the cost of
litigation;

 

 (2) each claim, defense, or other legal contention in the pleading
or motion is warranted by existing law or by a nonfrivolous
argument for the extension, modification, or reversal of
existing law or the establishment of new law;

 

 (3) each allegation or other factual contention in the pleading or
motion had evidentiary support or, for a specifically
identified allegation or factual contention, is likely to have
evidentiary support after a reasonable opportunity for further
investigation or discovery; and

 

 (4) each denial in the pleading or motion of a factual contention
is warranted on the evidence or, or for a specifically
identified denial, is reasonably based on a lack of
information or belief.

Tex. Civ. Prac. & Rem. Code Ann. § 10.001 (Vernon 2002). Upon violation of
section 10.001, a party may file a motion for sanctions, describing the conduct in
violation of section 10.001. Id. § 10.002(a) (Vernon 2002). If a trial court grants a
party's motion for sanctions it may award "reasonable expenses and attorney's fees
incurred in presenting or opposing the motion." Id. § 10.002(c) (Vernon 2002). If
no due diligence is shown, "the court may award to the prevailing party all costs for
inconvenience, harassment, and out-of-pocket expenses incurred or caused by the
subject litigation." Id. The sanction may be imposed against the person who "signed
a pleading or motion in violation of Section 10.001 . . . , a party represented by the
person, or both." Id. § 10.004(a) (Vernon 2002).

 In order to impose sanctions under rule 13, there must be evidence that a
pleading is either (1) groundless and brought in bad faith or (2) groundless and
brought for the purpose of harassment. Tex. R. Civ. P. 13. Here, the trial court found
that the claims in Benavides's pleading were groundless and brought in bad faith. 

 Bad faith is more than bad judgment or negligence. Elkins v. Stotts-Brown, 103
S.W.3d 664, 669 (Tex. App.--Dallas 2003, no pet.); Campos v. Ysleta Gen. Hosp.
Inc., 879 S.W.2d 67, 71 (Tex. App.--El Paso 1994, writ denied). To show bad faith,
the moving party must present evidence of conscious wrongdoing for a dishonest,
discriminatory, or malicious purpose. Mattly v. Spiegel, Inc., 19 S.W.3d 890, 896
(Tex. App.--Houston [14th Dist.] 2000, no pet.). Here, there is no evidence in the
record that Benavides filed his pleading in bad faith. 

 Without evidence of bad faith, the trial court could have imposed sanctions
under rule 13 had Knapp presented evidence that Benavides sued Knapp for the
purpose of harassment. Tex. R. Civ. P. 13. "Harass" has been variously used to
describe words, gestures, and actions that tend to annoy, alarm, and verbally abuse
another person. Elkins, 103 S.W.3d at 669 (citing Black's Law Dictionary 717
(6th ed. 1990)). However, there is no evidence in the record that Benavides filed his
lawsuit to annoy, alarm, or verbally abuse Knapp. See id.

 Accordingly, we hold that the trial court abused its discretion to the extent that
it imposed sanctions against Benavides under rule 13.

 Unlike rule 13, Chapter 10 does not require evidence that a pleading was
brought in bad faith or for the purpose of harassment. Tex. Civ. Prac. & Rem. Code
Ann. §§ 10.001, 10.004(a). A trial court may impose sanctions against a party if the
trial court finds one of the following: the pleading was brought for the purpose of
harassment; the claims are not warranted by either existing law or by a nonfrivolous
argument for a change in the law; any allegation or other factual contention is
unlikely to have evidentiary support after further investigation; or any denial of a
factual contention is not warranted by the evidence or, for a specifically identified
denial, is not reasonably based on a lack of information or belief. Id.
§§ 10.001(1)-(4), 10.002, 10.004(a). 

 Here, the trial court, in its sanction order, found that Benavides's petition
against Knapp specifically violates section 10.001(2). Id. § 10.001(2). Tracking the
language in section 10.001(2), the sanction order states that the claims in Benavides's
petition "are not warranted by existing law or by a nonfrivolous argument for the
extension, modification, or reversal of existing law or the establishment of new law." 
Id. § 10.001(2) (requiring that each claim in pleading be "warranted by existing law
or by a nonfrivolous argument for the extension, modification, or reversal of existing
law or the establishment of new law"). The trial court found that Benavides's breach
of contract claims "are clearly barred in that Benavides is not a party to a contract
with Knapp Chevrolet, Inc. and is not an intended beneficiary of any [such] contract"
and that Benavides's DTPA claim is supported by "no tenable factual basis for the
extension of claims alleging violations of the [DTPA] to this matter." Nothing in its
sanction order indicates that the trial court found that Benavides violated any of the
other three subsections of section 10.001. See id. § 10.001(1), (3), (4). Additionally,
at the sanctions hearing, Knapp presented no evidence or argument indicating that
Benavides violated subsections (1), (3), and (4) of section 10.001. See id. Therefore,
based on a review of the entire record, we find that Chapter 10 sanctions could only
have been based on section 10.001(2). However, a trial court "may not award
monetary sanctions against a represented party for a violation of Section 10.001(2)." 
Id. § 10.004(d). 

 Accordingly, we hold that the trial court abused its discretion to the extent that
it imposed sanctions against Benavides under Chapter 10.

 We sustain Benavides's first issue.


Trial Court's Inherent Power to Sanction

 In his second issue, Benavides argues that the trial court abused its discretion
in imposing sanctions upon him under its inherent authority because the evidence is
legally and factually insufficient to support a finding that his conduct significantly
interfered with the trial court's legitimate exercise of its core functions. 

 A trial court has the inherent power to sanction a party for an abuse of the
judicial process even when the party's conduct is not covered by a specific rule or
statute. In re Bennett, 960 S.W.2d 35, 40 (Tex. 1997) (per curiam); Houtex Ready
Mix Concrete & Materials v. Eagle Constr. & Envtl., 226 S.W.3d 514, 524 (Tex.
App.--Houston [1st Dist.] 2006, no pet.) (citing Island Entm't, Inc. v. Castaneda, 882
S.W.2d 2, 5 (Tex. App.--Houston [1st Dist.] 1994, writ denied)). This inherent
power allows trial courts to impose sanctions to the extent necessary to deter,
alleviate, and counteract "bad faith abuse" of the judicial process, i.e., when a party
significantly interferes with the court's legitimate exercise of its core functions. 
Houtex, 226 S.W.3d at 524. The core functions of trial courts include hearing
evidence, deciding issues of fact raised by the pleadings, deciding questions of law,
entering final judgments, and enforcing judgments. Island Entm't, 882 S.W.2d at 5. 
However, trial courts should rely on rules and statutes when possible because "[t]he
amorphous nature of this power, and its potency, demands sparing use." Id. (quoting
Kutch v. Del Mar College, 831 S.W.2d 506, 510 (Tex. App.--Corpus Christi 1992,
no writ)). 

 When a trial court imposes sanctions under its inherent power, it should make
specific findings to support its conclusion that the conduct complained of
significantly interfered with its legitimate exercise of its core functions. Houtex, 226
S.W.3d at 524. Here, the trial court made no findings to support its conclusion that
Benavides's petition against Knapp significantly interfered with the trial court's
legitimate exercise of its core functions. Nevertheless, we must review the entire
record to determine whether the trial court abused its discretion. Am. Flood
Research, 192 S.W.3d at 583.

 As discussed above, there is no evidence that Benavides acted in "bad faith"
when he filed his petition. Cf. Houtex, 226 S.W.3d at 524 (upholding trial court's
decision to impose sanctions based on its inherent authority where there was evidence
of "bad faith in failing to notify opposing counsel that [trial counsel] would be absent
from" scheduled hearing); Island Entm't, 882 S.W.2d at 5 (overturning imposition of
sanctions based on inherent power of trial court when there was no evidence of bad
faith); Phillips & Akers, P.C. v. Cornwell, 927 S.W.2d 276, 280 (Tex. App.--Houston
[1st Dist.] 1996, no writ) (overturning trial court's imposition of sanctions under its
inherent power to sanction absent evidence of bad faith conduct); Onwuteaka v. Gill,
908 S.W.2d 276, 280-81 (Tex. App.--Houston [1st Dist.] 1995, no writ) (overturing
trial court's imposition of sanctions under its inherent power to sanction absent
evidence of bad faith conduct). Additionally, there is no evidence that Benavides's
pleadings interfered with the legitimate exercise of the trial court's core functions. 
Cf. King's Park Apts. v. Nat'l Union Fire Ins. Co., 101 S.W.3d 525, 541 (Tex.
App.--Houston [1st Dist.] 2003, pet. denied) (upholding sanctions against party
based on allegation that party "instructed a paralegal to steal documents from the
chambers of the special trial judge"); Cornwell, 927 S.W.2d at 280 (overturning trial
court's imposition of sanctions under its inherent power to sanction absent evidence
that party "acted in a manner such as to interfere with the administration of justice or
detract from the trial court's dignity and integrity"); Lawrence v. Kohl, 853 S.W.2d
697, 699-700 (Tex. App.--Houston [1st Dist.] 1993, no writ) (upholding sanctions
based on party's failure to correct order that party knew to be erroneous).

 Accordingly, we hold that the trial court abused its discretion to the extent that
it imposed sanctions against Benavides based on its inherent authority.

 We sustain Benavides's second issue.

Conclusion

 Having held that there is no evidence to support the imposition of sanctions
against Benavides under Texas Rule of Civil Procedure 13, Chapter 10 of the Texas
Civil Practice and Remedies Code, or the trial court's inherent power, we need not
reach Benavides's third and fourth issues, in which he contends that the sanctions are
unjust and unconstitutionally excessive.

 We reverse the portion of the trial court's order imposing sanctions against
Benavides and render judgment that Knapp take nothing from Benavides. 



 


 Terry Jennings

 Justice


Panel consists of Justices Jennings, Keyes, and Higley.
1. See Tex. Civ. Prac. & Rem. Code Ann. §§ 10.001, 10.002, 10.004 (Vernon 2002);
Tex. R. Civ. P. 13. 
2. See In re Bennett, 960 S.W.2d 35, 40 (Tex. 1997) (per curiam).
3. See Tex. Const. art. I, § 13.
4. See Tex. Bus. & Com. Code Ann. § 17.46 (Vernon Supp. 2008).