**Reverse and Remand and Opinion Filed March 13, 2014**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-12-01027-CV

## SISAAT SISAVATH AND OYTHIB PHOUANGSAVATH, Appellants
## V.
## DONALD OATES AND SUTTON PLACE HOA, Appellees

**On Appeal from the County Court at Law No. 2**
**Dallas County, Texas**
**Trial Court Cause No. CC-11-06075-B**

## MEMORANDUM OPINION
Before Justices Moseley, Bridges, and Lang-Miers
Opinion by Justice Bridges

Sisaat Sisavath and Oythib Phouangsavath appeal the trial court's take-nothing judgment in favor of Donald Oates and Sutton Place HOA. In four issues, appellants argue the trial court erred in finding: (1) their claims were barred by res judicata, (2) "the trial court failed to calculate damages or accept a particular methodology to calculate damages for the civil suit after prevailing on the merits," (3) appellants failed to prove their causes of action with respect to claimed violations of section 2308 of the occupation code, and (4) appellants failed to establish their entitlement to attorney's fees. We reverse the trial court's judgment and remand for further proceedings.

On September 18, 2010, appellants' cars were towed by Cencir, Inc., from a residential cul-de-sac owned and maintained by Sutton Place HOA. The next day, appellants paid Cencir its towing fees and reclaimed their cars. At the time, Cencir claimed appellants' cars had been

towed because they were parked in a fire lane. In October 2010, appellants requested and obtained a hearing in justice court (the Tow Hearing) pursuant to section 2308.452 of the Texas Towing and Booting Act (the Act). *See* TEX. OCC. CODE ANN. § 2308.452 (West 2012). The justice court determined no probable cause existed for the removal of appellants' vehicles and ordered Cencir to repay appellants their towing fees. In September 2011, appellants filed a lawsuit in justice court pursuant to section 2308.404 of the Act. *See* TEX. OCC. CODE ANN. § 2308.404 (West 2012). In the lawsuit, appellants alleged violations of the Act including improper and insufficient signage in the fire lane, improper notice before towing, and lack of authorization for the tow. Appellants sought attorney's fees, treble damages, and $1000 in statutory damages under section 2308.404. The justice court awarded appellants $3700 in damages, and appellees appealed to county court at law. The county court at law determined appellants' claims involved "the very damages [that] are the subject of a final judgment obtained against Cencir, Inc. in the "Tow Hearing" held in justice court in October 2010." The court concluded appellants were barred by res judicata from "seeking the same damages in this matter" and entered a take-nothing judgment against appellants. This appeal followed.

In their first issue, appellants argue the trial court erred in determining the damages they sought under section 2308.404 were barred by res judicata after they obtained a prior judgment for damages at a tow hearing.

Under common law, the doctrine of res judicata (or claim preclusion) "prevents the relitigation of a claim or cause of action that has been finally adjudicated, as well as related matters that, with the use of diligence, should have been litigated in the prior suit." *Barr v. Resolution Trust Corp.*, 837 S.W.2d 627, 628 (Tex. 1992); *Wren v. Gusnowski*, 919 S.W.2d 847, 848 (Tex. App.—Austin 1996, no pet.). The doctrine effectively requires that all theories of liability be brought in one suit. *Barr*, 837 S.W.2d at 629; *Wren*, 919 S.W.2d at 848. The

–2–

policies behind the doctrine reflect the need to bring all litigation to an end, prevent vexatious litigation, maintain stability of court decisions, promote judicial economy, and prevent double recovery. *Barr*, 837 S.W.2d at 629; *Wren*, 919 S.W.2d at 848.

However, this case is not governed by common law principles but by section 31.005 of the Texas Civil Practice and Remedies Code, which states:

A judgment or a determination of fact or law in a proceeding in small claims court or justice of the peace court is not res judicata and does not constitute a basis for estoppel by judgment in a proceeding in a county court or statutory county court, except that the judgment rendered is binding on the parties thereto as to recovery or denial of recovery.

TEX. CIV. PRAC. & REM. CODE ANN. § 31.005 (West 2008). This statute modifies the common law so that res judicata bars only those claims that were actually litigated in the limited-jurisdiction court. *C/S Solutions v. Energy Maint. Serv. Grp.*, 274 S.W.3d 299, 310 (Tex. App.—Houston [1st Dist.] 2008, no pet.) (citing *Webb v. Persyn*, 866 S.W.2d 106, 107 (Tex. App.—San Antonio 1993, no writ)). The plain purpose of the statute is to narrow the preclusive effect of judgments from courts of limited jurisdiction. *C/S Solutions*, 274 S.W.3d at 310. If a litigant chooses to litigate one or more issues in county court, the judgment will bar further litigation of the claim for relief actually tried. *Id.* But the judgment will not preclude any other claims that could have been joined and tried but were not. *Id.*

We note Cencir is not a party to this appeal, and we do not address any issues with respect to Cencir. The claims at issue in this appeal are appellants' alleged violations of the Act including improper and insufficient signage in the fire lane, improper notice before towing, and lack of authorization for the tow. Appellants sought attorney's fees, treble damages, and $1000 in statutory damages under section 2308.404. *See* TEX. OCC. CODE ANN. § 2308.404 (West 2012). In the prior tow hearing, the issues were limited to whether probable cause existed for the removal and placement of appellants' vehicles and whether the towing charge imposed was greater than the amount authorized under certain sections of the Act. *See* TEX. OCC. CODE ANN.

§ 2308.458(c) (West 2012). Because appellants' claims were not actually litigated in the tow hearing in justice court, res judicata did not preclude any other claims that could have been joined and tried but were not. *C/S Solutions*, 274 S.W.3d at 310. In fact, the claims at issue in this appeal could not have been brought by any party in the tow hearing. *See* Tex. Occ. Code Ann. § 2308.458(c) (West 2012). We sustain appellant's first issue. Because of our disposition of appellants' first issue, we need not address appellants' remaining issues.

We reverse the trial court's take-nothing judgment and remand for further proceedings consistent with this opinion.

121027F.P05

/David L. Bridges/
_____
DAVID L. BRIDGES
JUSTICE



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

SISAAT SISAVATH AND OYTHIB
PHOUANGSAVATH, Appellant

No. 05-12-01027-CV      V.

DONALD OATES AND SUTTON PLACE
HOA, Appellee

On Appeal from the County Court at Law
No. 2, Dallas County, Texas
Trial Court Cause No. CC-11-06075-B.
Opinion delivered by Justice Bridges.
Justices Moseley and Lang-Miers
participating.

In accordance with this Court's opinion of this date, the judgment of the trial court is
**REVERSED** and this cause is **REMANDED** to the trial court for further proceedings consistent
with this opinion.

It is **ORDERED** that appellants SISAAT SISAVATH AND OYTHIB
PHOUANGSAVATH recover their costs of this appeal from appellees DONALD OATES AND
SUTTON PLACE HOA.

Judgment entered March 13, 2014

/David L. Bridges/
DAVID L. BRIDGES
JUSTICE