Opinion issued October 8, 2009

 

 

 

 



 

 

 

 

 

 

 

 

In The

Court of Appeals

For The

First District of Texas

 




 
 
 
 
 
 
 
 
 
 
 
 
 
 
 


 



NO. 01-08-00374-CV

 




 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 


 



EQUIPMENT RESOURCES INTERNATIONAL, Appellant

 

V.

 

JULIE L. WEBB, Appellee

 

 



On Appeal from the 61st District Court

Harris County, Texas

Trial Court Cause No. 2007-27478

 

 



MEMORANDUM OPINION

          In
settling their divorce through mediation, David Webb and Julie Webb divided the
assets of their company, Equipment Resources International (ERI), but later
reopened the divorce proceeding when David disputed ERI’s valuation.  ERI also instituted this suit against Julie,
alleging that, as ERI’s head of accounting and financial manager, she had
committed fraud and engaged in a conspiracy to falsely inflate ERI’s
value.  Shortly after ERI filed the suit,
David and ERI mediated another settlement with Julie, in which ERI agreed to
dismiss this suit, to admit in the motion to dismiss that the fraud and
conspiracy causes of action against Julie were factually unfounded, and to procure
a dismissal order containing a corresponding judicial finding.  ERI nevertheless persisted in prosecuting its
case against Julie, and Julie moved for summary judgment and for sanctions
under Texas Rule of Civil Procedure 13 to recover attorney’s fees she expended
in seeking dismissal of the suit.  The
trial court granted both motions.  ERI
appeals only the sanction order, contending that the trial court abused its discretion
in awarding sanctions because its breach of the settlement agreement does not
support a Rule 13 sanction order, and the trial court erred in  finding that ERI’s pleadings, motions and
responses were groundless.  Finding no
error, we affirm.

Background

 

          During their marriage, David and Julie
incorporated ERI.  As joint owners and
officers and directors, David served as president and Julie as vice president
and head of accounting.  

Divorce proceedings

Julie and
David’s marital relationship became acrimonious, and they decided to
divorce.  Julie filed a divorce petition
in Fort Bend County in 2005, but divorce proceedings began in earnest when
David filed a second petition, also in Fort Bend County, in October 2006.  In mid-November, Julie and David attended a
mediation to resolve their property division disputes.  At the time, Julie still managed the
accounting for ERI, but had moved an ERI computer to her residence so she did
not have to go to the office.  

Julie and
David attended a second mediation on January 31, 2007, which culminated in a
mediated settlement agreement (MSA).  In
the MSA, Julie agreed to resign from ERI in exchange for David’s agreement to buy
out Julie’s interest.  Based on ERI’s
financial records, David distributed approximately $3.5 million to Julie,
representing the value of her share, which included fifty percent of ERI’s net
profits for 2006.  The Fort Bend County
court held a hearing in the divorce case on the same date as the mediation.  The trial judge stated he would grant the
divorce, and set a date for entry of the final divorce judgment.  




 

ERI
accounting issues

In February
2007, David took sole control of ERI.  He
concluded that ERI’s accounting records had discrepancies that led him to
overpay Julie for her share of ERI’s 2006 net profits.  

On February
21, David moved to set aside the MSA, alleging that Julie knew or should have
known of the discrepancies, and her failure to report them resulted in an
inflated net profits figure and, as a result, an over-distribution to her of
ERI’s assets.  The Fort Bend County court
nevertheless signed the agreed divorce judgment, which incorporated the MSA, on
March 21, 2007.  David re-urged the same
grounds in a motion for new trial, which the Fort Bend County court denied on April
11, 2007.  

On April
19, 2007, David filed a second motion for new trial and other post-judgment
motions for relief, now alleging that Julie had defrauded him and ERI by
failing to correctly book ERI’s accounts receivable and accounts payable, which
caused her to receive an overpayment in the divorce settlement.

On May 4,
2007, ERI filed this suit against Julie in Harris County district court, bringing
claims of fraud, breach of fiduciary duty, negligence, and breach of contract,
among others, based on allegations that she had intentionally manipulated ERI’s
books to secure an over-distribution of more than $1.8 million.  When ERI deposed Julie on May 18, Julie
admitted that she had accessed ERI’s financial and banking records remotely
since January 31, 2007.

On May 18,
after Julie’s deposition ended, David returned to ERI’s offices.  When David arrived, he found certain of ERI’s
computer terminals unresponsive, and one terminal indicated that a remote user
was on ERI’s network.  As David prepared
to leave the offices that evening, he saw Julie’s car parked in ERI’s parking
lot.  This led David to suspect that Julie
was present in her friends’ office, which was located in the same building, and
that she had gained access to ERI’s computer network through one of their
computers.

On May 21,
2008, based on information obtained in Julie’s deposition and the events of May
18, ERI secured a temporary restraining order (TRO) in the Harris County
district court against Julie to prevent her access to its computer system,
financial records, and banking records.  David
executed an affidavit in support of the application.

Meanwhile,
at their daughter’s urging, David and Julie agreed to attend another mediation,
without their lawyers, in an effort to resolve their continuing dispute in the
Fort Bend County court about the amount of money ERI had distributed to Julie.

Julie and
David attended that mediation on May 25, 2007. 
At the close of mediation on that day, David and Julie executed a new MSA,
in which they agreed to distribution of the marital estate.  Under the May 25 MSA, Julie agreed to return
to ERI $613,867.27 of the amount it had disbursed to her under the prior MSA,
and David agreed to purchase Julie’s ownership interest in ERI, the value of
which would be based on the independent determination of an auditor.  

The May 25 MSA
also addressed this Harris County suit. 
David, in his capacity as ERI’s president, agreed to file a motion to
dismiss the suit with prejudice.  David
further agreed to include in that motion “an admission that the fraud and
conspiracy causes of action were factually unfounded,” and to ensure that the
trial court’s order contained “a corresponding judicial finding.”  The MSA does not denote ERI’s agreement to admit to the lack
of factual support for its allegations supporting the fraud or conspiracy
causes of action as limited to any particular fact or specific set of facts.  David signed the MSA both individually and as
president of ERI.  

Further proceedings in the Fort Bend County court

 

In the
meantime, on May 22, 2007, the Fort Bend County court denied all of David’s remaining
post-judgment motions for relief from the March 21 divorce judgment.  According to Julie, David told her outside of
the May 25 mediation that, “since he wasn’t getting anywhere in [the divorce
action in] Fort Bend County, that he found another way to get [her], and he was
going to file in another court.”  After
signing the May 25 MSA, David also told Julie that “he and his attorney had
figured out a way that they didn’t have to dismiss that [Harris County] case. .
. [that] [t]hey found a loophole, and that he never intended—in fact, he said, ‘We’re
smarter than that.’”  

Re-opening of divorce judgment

 

Despite
having executed the May 25 MSA, David and Julie continued to negotiate the
terms of their divorce.  David fought to
avoid the term requiring ERI to dismiss the suit against Julie, and stated to
the Fort Bend County court that he perjured himself by signing the MSA with
that provision.  Both David and Julie had
the opportunity to consult with their attorneys about the MSA and David
consulted with ERI’s counsel.  The
parties’ attorneys also handled the negotiations following the mediation.  

Hearing and entry of second divorce judgment

On July 5,
2008 the Fort Bend County court, in the presence of Julie and David and their
counsel, presided over the hearing to sign the agreed divorce decree incorporating
the MSA’s terms.  The Fort Bend County
court made clear that it would not enter judgment on the MSA unless both
parties were willing to do so at that time. 
The court explained that 

you do have an option and the option is that we will continue this
trial; and at some point today, this Court is going to rule on the motion for
new trial.  

That’s what I want to make very clear to both of you.  You do not need—you do not have to sign
either one of these agreements.  You do
have an option and that is that we can continue this hearing.  

Both the Fort
Bend County court and his own counsel admonished David about the effect of the
MSA and the agreed judgment.  David,
individually and on behalf of ERI, declared in open court that he (1) had the
opportunity to read the MSA and ask questions concerning its terms, (2)
understood them, (3) agreed to them free of coercion, and (4) intended to bind
himself and ERI to the MSA’s terms.  He
signed the agreed judgment and asked the court to approve it.  At the hearing, neither David nor ERI protested
to the Fort Bend County court that certain terms of the MSA would require David
to perjure himself.

The divorce
judgment addresses ERI’s agreement pertinent to this case as follows:

This [decree] is stipulated to represent a merger of a mediation
agreement of May 25, 2007 between the parties, save and except those provisions
which relate to any other cause of action pending in any other Court.  Specifically, any provisions of the May 25,
2007 [MSA] are not merged into this Decree and remain in full force and effect:

* * *

2.     Equipment Resources,
International, Inc. v. Julie Webb . . . .

Specifically, the following provisions of . . . the [MSA] are not
merged into this agreement and remain in full force and effect:  

1.     Agreements pertaining to
pending litigation:

a.      All civil . . . claims . . . among the parties
will be dismissed with prejudice . . . includ[ing] . . . ERI v. Julie Webb . .
. .

b.     Concerning ERI v. Julie Webb
. . ., the Motion will include an admission that the fraud and conspiracy
causes of action were factually unfounded and the order will contain a
corresponding judicial finding.

Concurrent proceedings in Harris County district
court

 

On July 2,
2007, ERI amended its petition to omit the fraud and conspiracy claims against
Julie, but left intact the claims for negligence and breach of contract.  On the same date, Julie moved for sanctions
under Texas Rule of Civil Procedure 13, contending that ERI breached its agreement
under the MSA, and that ERI’s original petition, amended petition, and TRO
application were “groundless and brought for the purpose of harassment because
the lawsuit was factually unfounded.”  In
response, ERI contended those terms were illegal or impossible to perform, in
that David would be forced to perjure himself by stipulating that the fraud and
conspiracy allegations were factually unfounded, and that, as a litigant, ERI
could not compel the court to make a specific finding.  

On December
21, 2007, Julie moved for summary judgment seeking to enforce the MSA provision
and hold ERI to its promise to dismiss the suit.  In response, ERI again amended its petition,
this time to request that the Harris County district court declare the
provision unenforceable based on illegality and impossibility, moved for
summary judgment on the claim for declaratory relief.  In its opposition to Julie’s summary judgment
motion, ERI, with the support of David’s affidavit testimony, declared that
“there is ample evidence to support the fact that Julie Webb did commit fraud
and participate in a conspiracy.” 
According to ERI, therefore, the agreement was unenforceable as a matter
of public policy because it would require David to commit perjury.  

The Harris
County district court granted Julie’s motion for summary judgment and denied
ERI’s motion on April 4, 2008.  Three
weeks later, the trial court granted Julie’s motion for sanctions.  In support of the sanctions award, the Harris
County district court found that ERI failed to comply with the agreement to
dismiss the suit that it made in the May 25 MSA; that it continuously sought to
delay the dismissal; and that it continued to oppose dismissal, in violation of
the agreement.  The Harris County
district court concluded that all documents that ERI filed in the proceeding
after May 25, 2007 

were groundless, that they were filed in bad faith, and that they were
groundless and brought for the purpose of harassment.  That such conduct was willfully done by
Equipment Resources International, Inc., and not by its attorneys.

The trial
court found that Julie expended $40,662.50 in attorney’s fees for her defense through
the date of the sanctions order and that she would incur additional fees on
appeal, and ordered ERI to pay those fees as a sanction.   

DISCUSSION

 

In this
appeal, ERI challenges only the trial court’s sanction order and not the order
granting summary judgment to Julie.  We
review a sanction order under an abuse of discretion standard.  Bradt v.
Sebek, 14 S.W.3d 756, 760–61 (Tex. App.—Houston [1st Dist.] 2000, pet.
denied); Laub v. Pesikoff, 979 S.W.2d
686, 693 (Tex. App.—Houston [1st Dist.] 1998, pet. denied).  When a sanction order refers to one specific
rule, either by citing the rule, tracking its language, or both, we are
confined to determining whether the sanctions are appropriate under that
particular rule.  Metzger v. Sebek, 892 S.W.2d 20, 51 (Tex. App.—Houston [1st Dist.] 1994,
writ denied).  In this case, the trial
court relied on Texas Rule of Civil Procedure 13 as the basis for ordering the sanction.  Rule 13 authorizes a trial judge to impose a
monetary sanction, after notice and hearing, upon a party whose attorney signs
a pleading that is groundless and brought in bad faith or for the purpose of
harassment.  Tex. R. Civ. P. 13. 
The rule continues:

Courts shall presume that pleadings, motions, and other papers are
filed in good faith. No sanctions under this rule may be imposed except for
good cause, the particulars of which must be stated in the sanction order.
“Groundless” for purposes of this rule means no basis in law or fact and not
warranted by good faith argument for the extension, modification, or reversal
of existing law.

Id.

When we
review a trial court’s discretionary ruling, we distinguish those that depend
on resolution of disputed facts from those that determine the controlling legal
principles.  See Walker v. Packer, 827 S.W.2d 833, 839–40 (Tex. 1992).   The resolution of factual disputes is committed
to the trial court’s discretion, and the reviewing court may not substitute its
judgment for that of the trial court.  Id. at 839.  When the court acts as fact-finder, we view
evidence the trial court considered in the light most favorable to its ruling,
and indulge every legal presumption in favor of the ruling, deferring to its
judgment and refraining from substituting the trial court’s findings with our
own in determining whether an abuse of discretion has occurred.  See id.
at 839–40; Hatteberg v. Hatteberg,
933 S.W.2d 522, 526 (Tex. App.—Houston [1st Dist.] 1994, no writ).  “It is not necessarily an abuse of a trial
court’s discretion if under the same facts we would decide the matter
differently, or if the court committed a mere error in judgment.” Tarrant County v. Chancey, 942 S.W.2d
151, 154 (Tex. App.—Fort Worth 1997, no writ), quoted in Bradt, 14
S.W.3d at 761.

Further, in
determining the propriety of a sanction order, we are not limited to examining
the trial court’s findings of fact and conclusions of law.  Rather, we independently review the entire
record to determine whether the trial court abused its discretion.  Am.
Flood Research, Inc. v. Jones, 192 S.W.3d 581, 583 (Tex. 2006).  The trial court’s discretion is limited only
by the requirement that its order be just and that the sanctions imposed be
directly related to the harm caused by the sanctioned conduct.  Ray v.
Beene, 721 S.W.2d 876, 879 (Tex. App.—Houston [1st Dist.] 1986, writ ref’d
n.r.e.). 

Trial
court’s findings supporting the sanctions order

ERI invokes
two cases, Island Entertainment, Inc. v.
Castaneda, 882 S.W.2d 2 (Tex. App.—Houston 1994, writ denied), and Greiner v. Jameson, 865 S.W.2d 493 (Tex.
App.—Dallas 1993, writ denied), for
the principle that a mere breach of contract cannot support a sanctions award,
and contends that the trial court abused its discretion in awarding sanctions solely
for a claimed breach of the mediated settlement agreement.  

In Island Entertainment, we held that the
trial court abused its discretion by awarding sanctions for failure to pay
amounts owed under a Rule 11 settlement agreement within a reasonable time.  882 S.W.2d at 3, 5.  In a settlement involving multiple defendants,
appellant Island Entertainment[1]
agreed to pay $10,000 and a portion of the appellees’ court costs. The
handwritten agreement did not include a deadline for payment.  Id.
at 3.

Two weeks
later, after appellees had received payment from all of the other settling defendants,
appellees sent Island Entertainment a demand for the settlement amount.  Id.  After six weeks passed with no response, appellees
moved to enforce agreement and for sanctions and set it for hearing.  Id.  

The day
before the scheduled hearing, Island Entertainment sent appellees a partial
payment along with a promissory note for the remainder.  The letter instructed appellees to hold the
settlement funds and note in trust pending execution and return of the release,
as well as confirmation that appellees had passed the enforcement and sanctions
motions.  Id.  Appellees refused.  Id.

The trial
court awarded sanctions, finding that Island Entertainment’s failure to pay the
settlement proceeds within a reasonable time amounted to a breach of the
mediation agreement, and that Island Entertainment acted in bad faith and for
the purpose of delay or to otherwise harass the appellees when it signed the
agreement knowing it would not abide by it.   Id.
at 4.  We concluded that Island
Entertainment’s “+conduct, although not laudatory, was at worst a breach of an
implied contract term concerning reasonably prompt payment,” and the simple
breach did not support a finding that Island Entertainment had mediated in bad
faith.  Id. at 5.

          Greiner
involved a Rule 11 agreement, under which Greiner agreed to (1) immediately
dismiss that same suit as well as other litigation pending in Louisiana, and
(2) pay specified amounts to the two plaintiffs below.  865 S.W.2d at 496.  Greiner further agreed that, if it failed to
comply with these terms, the trial court could sign a $75,000 judgment against it.  Id.

When
Greiner breached the Rule 11 agreement, the plaintiffs requested entry of the
$75,000 judgment, which the trial court signed. 
Id.  The judgment ordered Greiner not only to pay
the required sum, but also to dismiss with prejudice the Louisiana litigation.  Id.  A few weeks later, the plaintiffs moved to sanction
Greiner.  Id. at 496–97.

The trial
court found that by not paying the judgment or dismissing the Louisiana
lawsuits, Greiner intentionally failed to comply with the terms of the Rule 11
agreement.  Id. at 497.  Without
specifying the source of its power, the trial court signed an order imposing on
Greiner a punitive sanction of $50,000 and a coercive sanction of $1,000 for
each day prior to Greiner’s full compliance with the judgment.  Id.  The trial court signed the sanctions order
more than thirty days after signing the judgment, and after Greiner had filed
his notice of appeal.  Id.

          The Dallas Court of Appeals held that
the trial court abused its discretion by imposing sanctions.  Id.
at 500.  It reasoned that the
accumulation of postjudgment interest provides the only penalty for nonpayment
of a money judgment, and, absent a finding of bad faith abuse of judicial
process, the trial court lacked a basis for the sanction.  Id.  The Dallas court of appeals further observed
that, once Greiner perfected his appeal, the appellate court had exclusive
plenary jurisdiction, and thus the trial court lacked the authority to require
Greiner to dismiss the Louisiana litigation. 
Id.

The facts
of this case render Island Entertainment
and Greer inapposite because here, the
trial court heard evidence that David acted in bad faith in continuing to
pursue ERI’s Harris County suit independent of the agreement that he dismiss it.  According to ERI, despite David’s contrary
statements before the Fort Bend County court that he understood the MSA and
intended to bind himself and ERI to its terms, free of any coercion, including a
stipulation that the Harris County suit was groundless, the Harris County
district court was required to believe that ERI instituted and continued to
pursue the claims against Julie in Harris County in good faith.[2]  This position is untenable.  As the trial court observed, the MSA
provision was not just an agreement, but also a stipulation or admission “that
this case had no basis when it was filed . . . .”  The contradiction between the statements made
by ERI in the Fort Bend County court and in the Harris County district court creates
a factual dispute concerning whether ERI had a good faith factual basis for pursuing
the Harris County suit at all—one that the Harris County district court was
entitled to resolve as it did, finding that ERI’s suit had no basis in fact and
law and that ERI’s continued pursuit of its suit against Julie amounted to bad
faith conduct.[3]  Unlike the mere breaches of contract at issue
in Island Entertainment and Greiner, here, there was an affirmative
act coupled with evidence of bad faith intent: ERI filed documents with the
trial court in furtherance of David’s bad faith and harassment after David told
Julie that he was going to “get” her another way.  Compare
Island Entertainment, 882 S.W.2d at 3, 5 (reversing sanctions award imposed
after appellants failed to respond to appellees’ repeated demands for payment
of settlement) and Greiner, 865
S.W.2d at 496 (reversing sanctions award based on failure to comply with Rule
11 agreement).  

The trial
court sanctioned ERI not merely because ERI refused to adhere to its agreement
to dismiss the lawsuit, but because of its treatment of the agreement’s subject
matter—the truth—in representations to two district courts in two different
counties.  ERI’s refusal to withdraw
pleadings that it later stipulated were unfounded provides an independent basis
for sanctions under Rule 13.  

ERI also
challenges the trial court’s finding that all
of the pleadings, motions, and responses it made after May 25, 2007 were filed
in bad faith, pointing out that a few of those filings, such as the motion for
return of the cash bond following expiration of the TRO, were not groundless.  The majority of the filings, however,
continued to rely on the same factual allegations addressed in the May 25 MSA,
and ERI made no effort to segregate the attorney’s fees attributable to those
few filings when it had the opportunity to cross-examine Julie’s counsel during
his attorney’s fees testimony.  The trial
court’s findings therefore support the sanctions award.

CONCLUSION

 

          The
record demonstrates that the Harris County district court acted within its
discretion in requiring ERI to pay Julie’s attorney’s fees as a sanction under
Rule 13.  We therefore affirm the
judgment of the trial court.  All pending
motions are dismissed as moot.

 

 

 

                                                          Jane Bland

                                                          Justice

 

Panel consists of Chief Justice
Radack and Justices Bland and Massengale.











[1]
For ease of reference, we use “Island
Entertainment” to mean the appellants in the case.





[2] ERI further contends that it had a factual or legal basis
for asserting that Julie could not comply with her agreement in the MSA to
dismiss criminal proceedings against David because she had no authority do
so.  The Harris County district court,
however, did not need to consider whether this assertion has merit in
determining the propriety of sanctions for ERI’s continued prosecution of its
claims after signing the MSA.  A Texas
court’s finding that a contractual provision offends public policy does not
necessarily render the entire contract unenforceable.  See
Hoover Slovacek LLP v. Walton, 206 S.W.3d 557, 562 (Tex. 2006).  As ERI recognized in its trial court briefing,
a court may strike the offending provision and still enforce the remainder of
the contract.  Id. at 565; see also Williams
v. Williams, 569 S.W.2d 867, 871 (Tex. 1978) (holding that illegal
provision may be severed if it does not constitute main purpose of
contract).   

 





[3] The trial court’s finding that “all documents filed by
[ERI] in this Court since May 25, 2007” were groundless, filed in bad faith and
brought for the purpose of harassment does not, as ERI contends, require the
conclusion that its conduct predating the MSA’s execution was not in bad faith.  ERI’s contention runs counter to the
deferential standard we apply in reviewing a sanctions order.  See Am.
Flood Research, Inc. v. Jones, 192 S.W.3d 581, 583 (Tex. 2006) (holding
that reviewing court does not limit itself to trial court’s sanctions order but
independently reviews entire record to determine whether it supports sanctions
award).