Opinion issued April 14, 2011. 



In The

Court of
Appeals

For The

First District
of Texas

————————————

NO. 01-10-00367-CV

———————————

Diana Harmouch, Appellant

V.

Michael A. Rassner,
D.D.S., P.C. d/b/a Woodlake Dental, Michael A. RassneR, D.D.S., & Priscilla
Medina, Appellee



 



 

On Appeal from the 164th District Court  

Harris County, Texas



Trial Court Case No. 0772091

 



 

MEMORANDUM OPINION

          In
this personal injury lawsuit, Diana Harmouch appeals the trial court’s order
imposing $6,793.00 in
sanctions against her pursuant to its inherent power and dismissing her case
with prejudice when she failed to pay the sanctions.  Harmouch contends the trial court erred in
imposing sanctions and dismissing her case because the trial court failed to
identify the bad faith conduct that warranted the sanctions.  We agree. We therefore reverse and remand the
trial court’s judgment.     

Background

          In
November 2007, Harmouch filed a personal injury lawsuit against Michael A. Rassner, D.D.S., P.C.
d/b/a Woodlake Dental, Michael A. Rassner, D.D.S., and Prescilla Medina
(collectively, “Woodlake”).  In January 2009, Harmouch’s first attorney
moved to withdraw from the case, asserting that he no longer had time to
represent Harmouch.  The trial court
granted the motion.  Harmouch’s second
attorney then moved for a continuance to avoid a March 2009 trial setting.  The trial court did not rule on the motion,
but reset the trial date to November 2009. 
In October 2009, the attorney again moved for a continuance, which the
trial court denied.  The trial court reset
the trial date to December 10, 2009 to allow the parties to mediate their
dispute.   

          On
December 10, 2009, after the parties’ unsuccessful mediation, the trial court
conducted a pretrial hearing.  Harmouch’s
attorney moved for a continuance because he had immigration proceedings in
cases for two other clients during the following week and had not focused his
attention on Harmouch’s case.  At the pretrial
hearing, the attorney said that he had studied the case, but did not think he
was as prepared as he should be for his client. 
The trial court
denied the motion, but accommodated the attorney’s scheduling conflicts and
swore in the jury panel.  On December 14,
2009, when the parties arrived for jury selection, Harmouch’s attorney moved to withdraw from the case, asserting that he
was unable to communicate with Harmouch in a manner consistent with good
attorney-client relations.  He said that
Harmouch refused to follow any advice he had given her, and he no longer
believed in her cause.  He was convinced
that he could not fairly represent her because he questioned the justness and
fairness of her case.  At the hearing,
Harmouch stated that her attorney was unprepared to try the case.  Woodlake opposed the motion to withdraw,
stating that it had closed its dentist office, and it was ready to try the case.
  The trial court granted the
motion to withdraw and released the jury panel. 


          Woodlake moved for sanctions and
reimbursement of costs caused by Harmouch’s
continuance of the case and termination of her attorney.  In its motion, Woodlake claimed that Harmouch
was uncooperative with her attorney, and her lack of cooperation led to the
attorney’s withdrawal.  Woodlake offered an
affidavit from its attorney, showing the expenses it incurred in his
preparation for the December 14th trial. 
It also attached an affidavit from Dr. Rassner, showing the expenses he incurred
in closing his dentist office to appear for the trial.  In response, Harmouch claimed that her former
attorney notified her about his intention to withdraw on the morning he filed
the motion.  She asserted that the trial
court should direct any sanctions against him. 
In reply, Woodlake asserted that Harmouch took an untenable position on
her case, lashed out against everyone involved, and made allegations with no
factual basis.  According to Woodlake,
Harmouch contacted the two Houston Police Officers who had investigated the
incident underlying her personal injury suit in an attempt to get them to change
the reports they filed.  Woodlake
attached excerpts from the two officers’ reports.  In the reports, the officers state that
Harmouch approached them about changing their reports because she believed the
reports were not fair to her and did not reflect what truly occurred.  Woodlake contended that Harmouch’s conduct
created a conflict for her attorney and forced him to withdrawal.  

          Without
holding a hearing, the
trial court granted the motion for sanctions and required Harmouch to pay
$6,793.00 in damages by January 28, 2010. 
The trial court ruled that it would dismiss her case with prejudice if
she did not make the payment.  Harmouch
failed to pay the damages.  In February
2010, Woodlake filed a motion to dismiss the case for Harmouch’s failure to
comply with the sanctions order.   Harmouch responded to the motion, contending that the
Texas Rules of Civil Procedure did not authorize sanctions for any of her
conduct.  See Tex. R. Civ. P. 13 &
215.1–215.6.  Woodlake replied that the trial court had the
inherent power to impose sanctions for Harmouch’s bad faith
conduct.  See Chambers v. Nasco, Inc., 501 U.S. 32, 47–48 (1991). 
The trial court
dismissed the case with prejudice and issued judgment for Woodlake.   

Discussion

Standard of Review

          We review a trial court’s imposition
of sanctions for an abuse of discretion. Low v. Henry, 221 S.W.3d 609, 614 (Tex. 2007).  A trial court abuses its discretion in
imposing sanctions when it acts “without reference to any guiding rules and
principles, such that its ruling was arbitrary or unreasonable.”  Id.  We presume that pleadings are filed in good
faith, and the party seeking sanctions bears the burden of overcoming this
presumption.  Id.  In reviewing the sanctions order, we review
the entire record to determine whether the trial court abused its discretion.  Am. Flood Research, Inc. v. Jones, 192 S.W.3d 581, 583 (Tex. 2006)
(per curiam).

Trial Court’s Inherent
Power to Sanction

          If a sanction order refers to a
specific rule, either by citing the rule, tracking its language, or both, we
determine whether the sanction is appropriate under that particular rule.  Finlay v. Olive, 77 S.W.3d 520, 524 (Tex. App.—Houston [1st Dist.] 2002, no
pet.).   In this case, the trial court’s sanction order
does not specify the rule used to sanction Harmouch,
nor does it track the language of any rule. Woodlake urged the trial court to
sanction Harmouch under its inherent power.  The alleged sanctionable conduct does not
involve discovery proceedings or the content of a pleading.  The trial court’s inherent power thus appears
to be the source of authority for its sanction.  See Houtex
Ready Mix Concrete & Materials v. Eagle Constr. & Envtl. Servs, L.P.,
226 S.W.3d 514, 524 (Tex. App.—Houston [1st Dist.] 2006, no pet.); see also Kings Park Apts, Ltd. v. Nat’l
Union Fire Ins. Co., 101 S.W.3d 525, 541 (Tex. App.—Houston [1st
Dist.] 2003, pet. denied).

          A trial court
has the inherent power to sanction a party for an abuse of the judicial process
even when the party’s conduct is not covered by a specific rule or statute.  In re Bennett, 960 S.W.2d 35, 40 (Tex. 1997) (per curiam); Houtex, 226 S.W.3d at 524 (citing Island
Entm’t, Inc. v. Castaneda, 882 S.W.2d 2, 5 (Tex. App.—Houston [1st Dist.]
1994, writ denied)).
 This inherent power allows trial courts
to impose sanctions to the extent necessary to deter, alleviate, and counteract
“bad faith abuse” of the judicial process, i.e., when a party significantly
interferes with the court's legitimate exercise of its core functions.  Houtex, 226 S.W.3d at 524.  

          Bad faith is
more than bad judgment or negligence. Elkins v. Stotts-Brown, 103 S.W.3d 664, 669 (Tex. App.—Dallas
2003, no pet.); Campos v. Ysleta Gen. Hosp., Inc., 879 S.W.2d 67, 71 (Tex. App.—El Paso 1994, writ denied).  To show bad faith, the moving party must
present evidence of conscious wrongdoing for a dishonest, discriminatory, or
malicious purpose.  Mattly v. Spiegel,
Inc., 19 S.W.3d 890, 896
(Tex. App.—Houston [14th Dist.] 2000, no pet.).  In Houtex,
we upheld the trial court’s decision to impose sanctions against the
plaintiff’s attorney based on its inherent authority.  226 S.W.3d at 524–25.  The attorney there failed to notify opposing
counsel that he would be absent from a hearing even though the attorney knew days
in advance he would be unavailable.  Id. at 524.  As a result, his opposing counsel needlessly
traveled 720 miles roundtrip to attend the hearing.  Id.  We held that evidence existed that the
attorney acted in bad faith in his failure to notify opposing counsel of his
absence.  Id.; cf. Onwuteaka v. Gill,
908 S.W.2d 276, 280–81 (Tex. App.—Houston [1st Dist.] 1995, no pet.) (reversing
sanction award because record contained no evidence attorney acted in bad faith
when he was late to trial, although his conduct may have been negligent); McWhorter v. Sheller, 993 S.W.2d 781,
789 (Tex. App.—Houston [14th Dist.] 1999, pet. denied) (reversing sanction
award because record contained no evidence attorney acted in bad faith when she
recorded phone call between trial court, opposing counsel and herself so that
she would draft order in accordance with instructions given by trial court
during call); Island Entm’t, Inc.,
882 S.W.2d at 5 (reversing sanction award because record contained no evidence
party acted in bad faith when party breached settlement agreement after
mediation). 

          The core
functions of trial courts include hearing evidence, deciding issues of fact
raised by the pleadings, deciding questions of law, entering final judgments,
and enforcing judgments.  Island Entm’t,
Inc., 882 S.W.2d at 5; compare Phillips & Akers, P.C. v. Cornwell, 927 S.W.2d 276, 280 (Tex. App.—Houston [1st Dist.] 1996, no
writ) (overturning trial court's imposition of sanctions under its inherent
power to sanction absent evidence that party “acted in a manner such as to
interfere with the administration of justice or detract from the trial court’s
dignity and integrity.”) with King's Park Apts., 101 S.W.3d at 541 (upholding
sanctions against party based on allegation that party instructed a paralegal
to steal documents from chambers of special trial judge); Lawrence v. Kohl, 853 S.W.2d 697, 699–700 (Tex. App.—Houston
[1st Dist.] 1993, no writ) (upholding sanctions based on party’s failure to
correct order that party knew to be erroneous). 


          Nevertheless,
trial courts should rely on rules and statutes when possible because “[t]he
amorphous nature of this power, and its potency, demands sparing use.”  Kutch v. Del Mar Coll., 831 S.W.2d 506, 510 (Tex. App.—Corpus
Christi 1992, no writ), accord Crowe v.
Smith, 151 S.W.3d 217, 243 (5th Cir. 1998). 
When a trial court imposes sanctions under its inherent power, it should
make specific findings to support its conclusion that the conduct complained of
significantly interfered with its legitimate exercise of its core
functions.  Houtex, 226 S.W.3d at 524.

Analysis 

          Here, the
trial court made no findings to support its conclusion that Harmouch’s bad
faith conduct significantly interfered with the trial court’s legitimate
exercise of its core functions.  We nonetheless
review the entire record to determine whether the trial court abused its
discretion.  Am. Flood Research, 192 S.W.3d at 583.  The trial court did not conduct a hearing, so
we rely solely on the affidavits Woodlake proffered, the clerk’s record, and the
reporter’s record from the hearing on the attorney’s withdrawal.    

          Woodlake claimed
Harmouch did not cooperate with her attorney. 
According to Woodlake, Harmouch took an untenable position on her case,
made allegations with no factual basis, and attempted to persuade two police
officers to change their reports on the incident underlying the lawsuit.  Woodlake contends that these actions created
the conflict which forced her attorney to withdraw.  Woodlake offered the police reports from the officers.   Additionally, at the hearing on his motion
to withdraw, Harmouch’s
attorney stated that he was unable to communicate with Harmouch in
manner consistent with good attorney-client relations and convinced that he
could not fairly represent her.  But no evidence exists that she caused
the attorney’s withdrawal in a bad faith effort to disrupt or interfere with
the court’s docket.  See Mattly, 19 S.W.3d at 896.  According to the officers’ reports, Harmouch
asked them to change their reports relating to her personal injury claims
because she believed they did not reflect what occurred; she did not ask the
officers to lie.  Although this action
may show bad judgment on Harmouch’s part, it occurred well before the hearing
on the motion to withdraw.  No evidence
exists that Harmouch took any dishonest or malicious act to interfere with the
trial setting.  See Onwuteaka, 908 S.W.2d at 280–81; McWhorter, 993 S.W.2d at 789; Island Entm’t, Inc., 882
S.W.2d at 5.  In fact, she learned of her
attorney’s decision to withdraw only that morning and still appeared for
trial.   

          Also, “a
party should not be punished for counsel’s conduct in which it is not implicated
apart from having entrusted to counsel its legal representation.”  See TransAm.
Natural Gas Corp. v. Powell, 811 S.W.2d 913, 917 (Tex. 1991).  Harmouch claimed that her attorney withdrew
because he was unprepared for trial, and not because she was uncooperative.  The record supports her claim.  On the day trial was set and four days before
his withdrawal, Harmouch’s attorney moved for a continuance.  He told the court that he sought the
continuance because he had not been able to devote his attention to Harmouch’s
case due to his other pending cases.  He stated
that he was not as prepared as he should be for his client.  

          We hold that no evidence exists that
Harmouch’s bad faith conduct interfered with the legitimate exercise of the
trial court’s core functions.  She did
not deprive the trial court the power to hear any evidence, to decide any
issues of fact or questions of law, to enter a final judgment, or to enforce a
judgment.  See Island Entm’t, Inc., 882 S.W.2d at 5.  Accordingly, we hold that the trial
court abused its discretion in imposing sanctions against Harmouch based on its
inherent authority.  Because the trial
court dismissed Harmouch’s case because of her failure to pay the sanctions, we
also hold that the trial court erred in dismissing her case.  

Conclusion

          We
reverse and remand the judgment of the trial court.  

 

 

 

                                                                   Jane
Bland

                                                                   Justice


 

Panel
consists of Chief Justice Radack and Justices Alcala and Bland.