**Opinion issued December 4, 2014**



In The

# Court of Appeals

For The

# First District of Texas

———————————

## NO. 01-13-00761-CV

———————————

**DALTON R. MCWHINNEY AND VELVA MCWHINNEY, Appellants**

**V.**

**AMERIQUEST MORTGAGE SECURITIES, INC., AND DEUTSCHE BANK NATIONAL TRUST COMPANY, Appellees**

---

**On Appeal from the 506th District Court**
**Waller County, Texas**
**Trial Court Case No. 07-09-19041**

---

## MEMORANDUM OPINION

Appellants Dalton and Velva McWhinney appeal the trial court's dismissal of their claims against Appellees Ameriquest Mortgage Securities, Inc. and Deutsche Bank National Trust Company. After Appellees foreclosed on the McWhinneys' home, the McWhinneys sued Appellees, asserting breach of contract

and various other claims. The parties entered into a settlement agreement that contemplated reinstatement of the mortgage following the McWhinneys' cash payment of $10,000 to Appellees. When the McWhinneys failed to pay any amount under the settlement agreement, Appellees moved to enforce the settlement agreement. The trial court entered an order granting the Appellees' motion to enforce and dismissing the McWhinneys' claims with prejudice. The McWhinneys contend on appeal that the trial court's dismissal of their claims was error. We agree. Accordingly, we reverse and remand.

## Background

In November 2005, Appellants Dalton and Velva McWhinney obtained an adjustable rate mortgage in the amount of $81,000 for a property in Prairie View, Texas. The McWhinneys defaulted and Appellees foreclosed on the property in December 2006.

In 2007, Appellees filed a forcible detainer and eviction lawsuit. The Waller County Justice of the Peace No. 3 rendered an eviction judgment in favor of Appellees, but the McWhinneys sued Appellees before the Appellees obtained a writ of possession. After the Waller County Court at Law dismissed that lawsuit, the McWhinneys sued in district court to stop the eviction and maintain possession of the property. They asserted claims for breach of contract, tortious breach of

good faith and fair dealing, negligent misrepresentation, deceptive trade practices, and unfair debt collection practices.

While the suit was pending in district court, the parties entered into a Rule 11 agreement and a "Settlement Agreement and General Release" ("Settlement Agreement"). The Settlement Agreement contemplated reinstatement of the mortgage not later than 30 days after the McWhinneys paid Deutsche Bank $10,000 and dismissal of the "entire case" thereafter. The Settlement Agreement provided that performance would occur as follows:

A. "Not later than fifteen (14) days after Deutsche Bank's execution of this Agreement as set forth below on the signature hereto, the McWhinneys shall: (1) pay Deutsche Bank $10,000.00 in certified funds . . . and (2) execute the Recession and Reinstatement Agreement . . . .

B. "Not later than thirty (30) days after counsel's receipt of the McWhinney's certified funds and executed Recession and Reinstatement Agreement, Deutsche Bank shall: (1) file the Recession and Reinstatement Agreement of record in the Waller County Real Property Records; and (2) reinstate the Mortgage in its system with a principal balance of $83,728.00 to commence servicing of it and will provide written confirmation thereof to the McWhinneys, which will include notice of the McWhinneys first payment thereunder."

C. "Thereafter, the parties shall move to dismiss this entire case with prejudice by executing and filing a Joint Motion for Dismissal with Prejudice and Order granting same, true and correct copies of which are attached as Exhibit No. 2 and are incorporated for all purposes."

D. "Upon satisfaction of the conditions set forth in §II(A)-(C) above, the McWhinneys . . . hereby unconditionally and irrevocably remises, releases, forever discharges and covenants not to sue Deutsche Bank, AHMSI, or Ameriquest Mortgage Securities, Inc. . . . ."

3

In October 2012, eight months after the McWhinneys returned the signed Settlement Agreement and Recession and Reinstatement Agreement, they filed a motion to compel Deutsche Bank to sign the Settlement Agreement. In their response, Appellees argued that the Settlement Agreement was not enforceable because there was no meeting of the minds and, in the alternative, that the McWhinneys breached the Settlement Agreement by failing to make any payments.

The trial court held a hearing on the McWhinneys' motion to compel in November 2012; it concluded that the Settlement Agreement was enforceable and ordered performance. While it did not enter a written order at that time, it orally ordered:

- Appellees to sign the agreement and notify the McWhinneys of their signing by December 15, 2012.

- Appellees to calculate the interest accrued between February 2011 and January 2013 and notify the McWhinneys of the amount of interest by November 30, 2012.

- The McWhinneys to pay $10,000 plus "accrued interest since February 11th of 2011 at the rate of the original loan document; not the matured rate, but at the loan rate."

- The McWhinneys to pay all taxes accrued on the property.

- The McWhinneys make their first monthly payment in February 2013.

4

The trial court stated: "If the McWhinneys fail to pay the $10,000 plus the accrued interest plus the taxes no later than January 31, 2013, the mortgage company title will be affirmed." The trial court also stated that if the McWhinneys "don't pay all of that accrued interest through January 31st, you don't have a deal."

On December 21, 2012, Appellees informed the McWhinneys that the accrued interest totaled $18,440.12. On January 31, 2013, the date by which the trial court ordered the McWhinneys to pay the $10,000 plus accrued interest of $18,440.12, the McWhinneys filed an "Objection to Calculations Submitted by Respondent, and in the Alternative Objection to Order of the Court." The McWhinneys complained about the proposed interest calculations and requested that the trial court reconsider its order and set the case for trial.

In April 2013, Appellees filed a "Motion to Enforce the Court's Order." Appellees argued that because the McWhinneys failed to comply with the trial court's oral ruling requiring them to pay $10,000 and accrued interest by January 31, 2013, the Appellees were "entitled to an order affirming its title to the subject property and dismissing this case with prejudice."

The trial court heard argument on Appellees' motion to enforce and the McWhinneys's motions in July 2013. The McWhinneys reiterated their objections to the trial court's ruling at the November 2012 hearing. The McWhinneys also argued that they should not have to pay the $18,440.12 in interest dating back to

5

February 2011 in a lump sum as the trial court ordered, because the Settlement Agreement did not require it.

The trial court disagreed and stated that the November 2012 ruling "effected" the Settlement Agreement:

> [T]aking into reasonable consideration those times that needed to be adjusted because of some delays. So from that standpoint, I don't see how your clients are entitled to any additional trials. They settled the case. It is then at that point it becomes necessary to perform under the settlement agreements tempered by the rulings from November.

The McWhinneys continued to object that the interest calculation was erroneous, and that they did not waive their right to a jury trial.

On August 1, 2013, the trial court entered an order memorializing its oral rulings from the November 2012 hearing, along with an Order of Dismissal. In the Order of Dismissal, the trial court overruled the McWhinneys' Objection to Court Rendition, granted Appellees' Motion to Enforce, and dismissed the case with prejudice "for Plaintiffs' failure to comply with the Court's Order on Plaintiffs' Motion to Compel settlement." The McWhinneys appealed.

### The trial court erred in dismissing the McWhinneys' claims

In two issues, the McWhinneys contend that the trial court abused its discretion in dismissing the case with prejudice for failing to comply with the Settlement Agreement and in denying the McWhinneys' request for a jury trial. Because the Settlement Agreement required the McWhinneys to dismiss their

6

claims only after they paid Deutsche Bank $10,000 and Deutsche Bank reinstated their mortgage—and neither of these predicate conditions came to pass—the trial court erred in dismissing the McWhinneys' claims with prejudice.

## A. Standard of Review and Applicable Law

We construe settlement agreements under normal rules of contract construction. *McCoy v. Rogers*, 240 S.W.3d 267, 276 (Tex. App.—Houston [1st Dist.] 2007, pet. denied). "In construing a written contract, the primary concern of the court is to ascertain the true intentions of the parties as expressed in the instrument." *J.M. Davidson, Inc. v. Webster*, 128 S.W.3d 223, 229 (Tex. 2003). "Words in a contract must carry their ordinary, generally accepted meanings unless the contract itself shows that the terms have been used in a technical or different sense." *Doe v. Tex. Ass'n of Sch. Bds., Inc*., 283 S.W.3d 451, 458 (Tex. App.—Fort Worth 2009, pet. denied) (citing *Ramsay v. Md. Am. Gen. Ins. Co.*, 533 S.W.2d 344, 346 (Tex. 1976)). "In construing a contract, we may not rewrite it nor add to its language." *Id.* Thus, courts cannot grant remedies for breach of an agreement not contemplated by the parties. *See Island Entm't Inc. v. Castaneda*, 882 S.W.2d 2, 5 (Tex. App.—Houston [1st Dist.] 1994, writ denied) (holding that trial court could enforce settlement agreement but could not punish breach with sanctions). Courts likewise cannot read into an agreement terms that were not included by the parties. *Am. Mfrs. Mut. Ins. Co. v. Schaefer*, 124 S.W.3d 154, 162

(Tex. 2003) ("[W]e may neither rewrite the parties' contract nor add to its language.").

The interpretation of an unambiguous contract is a matter of law to be determined by the trial court. *Gulf Ins. Co. v. Burns Motors, Inc.*, 22 S.W.3d 417, 423 (Tex. 2000). We review the trial court's interpretation of and enforcement of the Settlement Agreement de novo. *See Spiegel v. KLRU Endowment Fund*, 228 S.W.3d 237, 240–41 (Tex. App.—Austin 2007, pet. denied) (because enforcement of mediated settlement agreement raised purely legal issues, court used de novo standard of review).

## B. Analysis

In their motion to enforce, Appellees argued that the trial court should dismiss the McWhinneys' claims because the McWhinneys breached the Settlement Agreement by failing to pay $10,000 and accrued interest by January 31, 2013, as required by the trial court's order. The trial court's judgment dismissed the McWhinneys' claims against Appellees with prejudice for breaching the Settlement Agreement by failing "to comply with the Court's Order on Plaintiffs' Motion to Compel settlement."

But the Settlement Agreement does not reflect that the parties agreed that dismissal of the claims would be the remedy for a breach by the McWhinneys. Rather, the Settlement Agreement contemplates that dismissal of the McWhinneys'

claims would occur only if and after the parties both *performed* their other respective obligations.

Specifically, the Settlement Agreement indicates that the McWhinneys conditioned their agreement to dismiss their claims upon Deutsche Bank's filing of the Recession and Reinstatement Agreement and Deutsche Bank's reinstating the mortgage. Deutsche Bank's obligation to reinstate the mortgage was, in turn, conditioned upon the McWhinneys' payment of $10,000 and execution of the Recession and Reinstatement Agreement. Neither of these conditions was fulfilled; thus the McWhinneys' obligation to dismiss the case pursuant to the terms of the Settlement Agreement did not arise. Therefore, the trial court erred in concluding that dismissal of the McWhinneys' claims was the appropriate remedy for their failure to perform under the Settlement Agreement. *See Bruess v. Residential Credit Solutions, Inc.*, No. 01-13-00321-CV, 2014 WL 3843517, at *4 (Tex. App.—Houston [1st Dist.] Aug. 5, 2014, no pet.) (mem. op.) (trial court erred in dismissing plaintiffs' claims because terms of agreement did not provide for "final resolution of the parties' claims against each other").

We sustain the McWhinneys' first issue. Having concluded that the trial court erred in dismissing the McWhinneys' claims with prejudice for failure to comply with the Settlement Agreement, we decline to specifically address the McWhinneys' second issue regarding their demand for a jury trial as its resolution

would not result in greater relief to the McWhinneys.  *See* TEX. R. APP. P. 47.1 (court of appeals need only address issues raised and necessary to disposition of appeal); *State v. Ninety Thousand Two Hundred Thirty–Five Dollars and No Cents in U.S. Currency ($90,235)*, 390 S.W.3d 289, 294 (Tex. 2013) (same).

## Conclusion

We reverse the trial court's judgment and remand for further proceedings consistent with this opinion.


Rebeca Huddle
Justice

Panel consists of Chief Justice Radack and Justices Bland and Huddle.